40000 1957

SEP 7 2023 AM 10:41
FILED-USDC-NDTX-FW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRCIT OF TEXAS
# FORT WORTH DIVISION

JACOB WHITE

PLAINTIFF,

v,

THE STATE OF TEXAS,
THE CITY OF GRAPEVINE,
BRUNO RUMBELOW,
JENNIFER HIBBS,
CHRIS SMITH,
LEIGH KAPSOS,
CHAD HETTERLEY,
GRACIE BURCKHARD,
KEVIN MANNING,
MIKE HAMLIN,
WILLIAM TATE,
PAUL SLECHTA,
SHARRON ROGERS,
LEON LEAL,
DARLENE FREED,
CHRIS COY,
DUFF O'DELL,
MATTHEW BOYLE,
WILLIAM BRANDT
John Doe 1-20, Jane Doe 1-20

DEFENDANTS.

CIVIL ACTION NO. _____

4-23CV-925-P

## COMPLAINT

Plaintiff Jacob White alleges as follows:

### I.    THE PARTIES TO THIS COMPLAINT

#### A. The Plaintiff

Name:      Jacob White
Address:   6303 Frisco Square Blvd #475 Frisco, TX 75034
Phone:     (501) 891-3346
Email:     jacob.f.white@outlook.com

**B. The Defendants**

Defendant No. 1
    Name:          The State of Texas (Office of the Attorney General)
    Address:      300 W. 15th Street Austin, TX 78701

Defendant No. 2
    Name:          The City of Grapevine
    Address:      200 S Main St, Grapevine, TX 76051
    Email:          wtate@grapevinetexas.gov

Defendant No. 3
    Name:          Bruno Rumbelow
    Title:           City Manager
    Address:      200 S Main St, Grapevine, TX 76051
    Email:          brumbelow@grapevinetexas.gov
    ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 4
    Name:          Jennifer Hibbs
    Title:           Assistant City Manager
    Address:      200 S Main St, Grapevine, TX 76051
    Email:          jhibbs@grapevinetexas.gov
    ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 5
    Name:          Chris Smith
    Title:           Parks and Recreation Director
    Address:      200 S Main St, Grapevine, TX 76051
    Email:          chriss@grapevinetexas.gov
    ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 6
    Name:          Leigh Kapsos
    Title:           Library Director
    Address:      200 S Main St, Grapevine, TX 76051
    Email:          lkapsos@grapevinetexas.gov
    ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 7
    Name:          Chad Hetterley
    Title:           Assistant Library Director
    Address:      1201 Municipal Way, Grapevine, TX 76051
    Email:          chetterley@grapevinetexas.gov
    ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 8
    Name:             Gracie Burckhard
    Title:               Library Employee
    Address:         1201 Municipal Way, Grapevine, TX 76051
    Email:
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 9
    Name:             Kevin Manning
    Title:               Police Officer
    Address:         1007 Ira E Wds Ave, Grapevine, TX 76051
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 10
    Name:             Mike Hamlin
    Title:               Chief of Police
    Address:         1007 Ira E Wds Ave, Grapevine, TX 76051
    Email:            mhamlin@grapevinetexas.gov
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 11
    Name:             William Tate
    Title:               Mayor
    Address:         200 S Main St, Grapevine, TX 76051
    Email:            wtate@grapevinetexas.gov
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 12
    Name:             Paul Slechta
    Title:               City Council Member
    Address:         200 S Main St, Grapevine, TX 76051
    Email:            pslechta@grapevinetexas.gov
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 13
    Name:             Sharron Rogers
    Title:               City Council Member
    Address:         200 S Main St, Grapevine, TX 76051
    Email:            Sharronr@grapevinetexas.gov
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 14
    Name:             Leon Leal
    Title:               City Council Member
    Address:         200 S Main St, Grapevine, TX 76051
    Email:            lleal@grapevinetexas.gov
               ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 15
    Name:         Darlene Freed
    Title:          City Council Member
    Address:     200 S Main St, Grapevine, TX 76051
    Email:       dfreed@grapevinetexas.gov
              ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 16
    Name:         Chris Coy
    Title:          City Council Member
    Address:     200 S Main St, Grapevine, TX 76051
    Email:       ccoy@grapevinetexas.gov
              ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 17
    Name:         Duff O'Dell
    Title:          City Council Member
    Address:     200 S Main St, Grapevine, TX 76051
    Email:       dodell@grapevinetexas.gov
              ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 18
    Name:         Matthew Boyle
    Title:          City Attorney
    Address:     4201 Wingren Drive, Suite 108, Irving, Texas 75062
    Email:       mboyle@boyle-lowry.com
              ☒ Individual Capacity   ☒ Official Capacity

Defendant No. 19
    Name:         William Brandt
    Title:          Justice of the Peace, Tarrant County
    Address:     1400 Main St.  Suite 220 Southlake, Texas 76092
    Email:       jp3@tarrantcountytx.gov
              ☒ Individual Capacity   ☒ Official Capacity

## II.    BASIS FOR JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction for this case because this case has multiple civil actions arising under the constitution, and laws of the United States. A few of the central claims are under 42 U.S.C. §1983, §1985, §1988 for violation of the first, fifth, eighth, and fourteenth amendments of the United States Constitution (See: 28 U.S.C. §1331, 42 U.S.C. §1981, §1983, U.S. Const. amend. I, VIII, XIV). This court also has supplemental jurisdiction for all state claims herein because the state claims are related to the same controversy (28 U.S.C. §1367).

2.  This court is the proper Venue under 28 U.S. code § 1331, because all defendants do reside in the Venue for the Fort Worth Division of this Court. Further the actions took place in the Fort Worth Division of this Court.

## III.    NATURE OF THE ACTION

3.  This is a civil action arising under 42 U.S.C §1983, §1985, and §1988, and under federal and state laws for deprivation of Plaintiffs constitutional, statutory, and state-law rights, as well as defamation, false imprisonment, intentional inflection of emotional distress, and fraud.

## IV.    INTRODUCTION

4.  This complaint is being brought because the City of Grapevine has abused Plaintiff in multiple ways, which abuse includes violation of federal and state civil rights under the color of state law. Plaintiff has endured constant harassment, retaliation, defamation, and abuse of process making Plaintiff defend himself in criminal court for use of fundamental rights.

5. The parties to this suit include defendants: The State of Texas, The City of Grapevine ("Grapevine"), Grapevine Mayor William Tate, Grapevine City Council Members: Paul Slechta, Sharron Rogers, Leon Leal, Darlene Freed, Chris Coy, and Duff O'Dell, Grapevine Chief of Police Mike Hamlin, Grapevine Police Officer Kevin Manning, The Grapevine Library Director Leigh Kapsos, Grapevine Library Employees: Chad Hetterley, Gracie Burckhard and John/Jane Doe, Grapevine Park/Rec Director Chris Smith, Grapevine City Manager Bruno Rumbelow, Grapevine Assistant City Manager Jennifer Hibbs, Grapevine City Attorney Matthew Boyle, and any other John or Jane Doe involved.

6. Plaintiff Jacob White made use of the Grapevine Library and Rec Center after he moved to Grapevine. He used both places for meeting other like-minded people, which is his right of freedom of association.

7. Plaintiff used the public park at the Rec Center to run and stay in shape. He also used it to meet other people with similar interests. Plaintiff also used the sidewalks and streets on the Rec Center property to think and clear his mind as he would walk/run and use his freedom of speech in the public forum. When using these public places, Plaintiff would usually park in the Grapevine Convection center parking lot.

8. Plaintiff had been making use of the Grapevine Library for over a year and started to use it extensively. Plaintiff used the library to study for the GRE and to study for application into a Computer Science PhD program. The hard work and needed study paid off and Plaintiff has been admitted to a PhD Program in Computer Science and Engineering even with the official oppression of the employees of the City of Grapevine and State of Texas.

9. Plaintiff also would study Machine Learning for his job. Study was essential for the job and Plaintiff invented a new idea in the field of Machine Learning that now has a patent pending. Plaintiff is the sole inventor of that idea. Again, the City of Grapevine made this hard and Plaintiff had to overcome official oppression.

10. Plaintiff would also use the Library for Computer Programming Challenges and was in the middle of the Google's Foobar challenge, when the city began to illegally harass plaintiff.

11. One night Nov 27, 2022 after the library announced it was closing, Plaintiff while walking out of the library saw Gracie and asked if she was single. She said No, Plaintiff left and went home. Plaintiff did not see anyone else in Grapevine Convention center parking lot as he left.

12. The next night Plaintiff returned to the library to solve a hard Google Challenge based on what's called the Maximum Flow Problem. As he was working on this problem the Grapevine Library management/staff called the police on Plaintiff. Library staff complained that Plaintiff was parking in the Convention Center parking lot and his presence there was harassment.

13. The Police came and said Plaintiff did nothing wrong and left. No Criminal Trespass Warning was requested or issued by the Police, nor did they ask Plaintiff to leave. Plaintiff left soon after.

14. Plaintiff was offended that the police were called on him with no warning. He did some public records request and found out that the library staff had filed a false police report. Plaintiff then filed a Police report to correct the record. The police report was denied by Grapevine PD, and the officer told him he could complain to the City of Grapevine.

15. Plaintiff did a few more public records requests to figure out who to complain to, and what policies were in place at the library to prevent false police reports being filed against other Library Patrons, and why the library staff were complaining about Plaintiff parking in the Convention Center parking lot when they have their own private gated parking lot.

16. Plaintiff then filed the complaints with the City Manager and Library Director.

17. At least one of these complaints was about discrimination based on a protected class.

18. After the complaints were emailed, Plaintiff served a notice to preserve evidence.

19. After all these events the City of Grapevine began to harass Plaintiff.

20. Grapevine City Officials sent the Police to bang on Plaintiffs door about 10 pm Nov 15th while plaintiff was in bed.

21. The next day the police called plaintiff to issue multiple criminal trespass warnings requested by two different city employees.

22. The trespass warnings from multiple people is retaliation for use of fundamental rights.

23. The actions from the City are retaliation against Plaintiff filing complaints for discrimination of a protected class, and use of fundamental rights.

24. Because two or more people have retaliated against a complaint for discrimination against a protected class (sex), the actions by the city fall under conspiracy.

25. These actions by the officer and the city violated Plaintiffs Due Process rights, both procedural and substantive due process, the actions were retaliation, and harassment by the City of Grapevine.

26. The library director has sworn under oath that the primary reason for these trespass warnings was because of Plaintiff's public records requests, complaints, and right to sue.

27. The library director has admitted that there was a meeting on Nov 11th and Nov 12th 2022 where City Management met and decided to take action against Plaintiff by depriving him of protected rights.

28. Since Plaintiff used fundamental rights of freedom of speech, right to sue, and right to petition the government for redress of grievances in a way these government officials did not like; the actions taken by the City Officials are retaliation.

29. Since Plaintiff did not know at the time there was a Conspiracy against him; but knew that the trespass warnings were retaliation, and that he had not been provided due process, he began to email everyone in the city who could help. He emailed the city council, chief of police, City Manager, Assistant City Manager, and even the Library Director and Parks/Rec Director.

30. On Dec 2nd, 2022 the Assistant Library director filed a false police report saying Plaintiff was on library property in violation of the criminal trespass warnings.

31. Plaintiff was very alarmed when he found out about the false police report, seeing the City of Grapevine as being malicious with false claims of criminal activity. Plaintiff broke a lease with his apartment and moved out of the city and the county.

32. Plaintiff did break an apartment lease and moved out of the city and county because of the emotional and mental distress caused by the activity of city officials.

33. The city council held a secret meeting and discussed the complaints which Plaintiff had emailed them.

34. Instead of taking correct action, it appears the city council knew about the issues and they too have illegally violated Plaintiffs rights.

35. Eventually the Assistant City Manager emailed plaintiff saying the city created an appeal process. Plaintiff met all the requirements of the appeal process to the best of his ability, and the city decided not to even consider the appeal. Even though the city made Plaintiff swear under oath, get the appeal notarized, and submit the appeal within 10 days.

36. Plaintiff submitted the appeal, with the hoops the city made him jump through, but was told the appeal was not even considered. Plaintiff being very aggravated emailed the city council and told them they have 2 weeks to remove the trespass warnings, or he would file a federal lawsuit.

37. In about 2 days after Plaintiff sent that email to the City Council, the City of Grapevine went to a Justice of the Peace, and had a criminal summons issued to plaintiff at his new address in a different city and county.

38. The criminal process against Plaintiff was a peace bond and the primary reasons in the bond complained about were the fact that Plaintiff used his rights of freedom of speech, right to sue, and right to petition the government for redress of grievances.

39. This actions by the City of Grapevine were further retaliation against plaintiff for using his fundamental rights, and complaints, even a complaint for discrimination against a protected class.

40. The criminal process used against plaintiff is abuse of process by the City of Grapevine.

41. Plaintiff hired several lawyers and spent thousands of dollars defending himself in court.

42. The Justice of the Peace issued a peace bond, with a court order.

43. The order from the Justice of the peace made it a criminal offense for Plaintiff to contact anyone in the city of Grapevine government excepting only the city attorney.

44. The Justice of the peace lied on court documents (committing fraud on the court) saying plaintiff agreed there was just cause for a peace bond.

45. The Justice of the peace also lied on court documents saying he heard proof of an offense.

46. The legal standard for a peace bond requires serios threat of harm to an individual, this standard was not met and the Justice of the Peace lied to issue the peace bond.

47. The State of Texas has ruled that Plaintiff has no right of appeal, no right to a Jury. The case law from the State of Texas has ruled writ of habeas corpus is the ONLY remedy. Four Texas courts denied writ of habeas corpus illegally, and thus fundamental rights are violated without proper due process.

48. A single Justice of the peace lied and issued a peace bond and there is no right of review of single corrupt individual in State Courts.

49. Plaintiff asks this court to step and help protect fundamental rights and award damages to make Plaintiff whole again and discourage further harassment from the City of Grapevine and State of Texas.

## V.    LEGAL CLAIMS

**LIBRARY TRESPASS WARNING:**

**FEDERAL CLAIMS:**

### COUNT 1: 42 U.S.C. §1983

**VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING**

50. Each Paragraph of this Complaint is incorporated as if restated fully herein.

51. On Nov 16th, 2022 Officer Manning violated Plaintiffs procedural due process rights by serving the library trespass warning over the phone without giving an appeal process or time and place for a hearing. He is liable in his official and individual capacity.

## COUNT 2: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS
## FOR LIBRARY TRESPASS WARNING

52. Each Paragraph of this Complaint is incorporated as if restated fully herein.

53. Chief Of Police Mike Hamlin ("The Chief") violated procedural due process rights of the Plaintiff. On December 7th, 2022, Plaintiff Called The Chief and was told that The Chief talked to the district attorney and that he had the power to remove the Library trespass warnings. The Chief failed to remove the Library trespass warning when requested and did not provide plaintiff Procedural Due Process when asked. He is liable in his official and individual capacity. The Chief was emailed and asked for due process and did not give due process.

## COUNT 3: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS
## FOR LIBRARY TRESPASS WARNING

54. Each Paragraph of this Complaint is incorporated as if restated fully herein.

55. The Assistant City Manager and City Attorney violated Plaintiff's Due Process rights by creating a fake appeal process three months after Plaintiff requested such a process. The Assistant City Manager required the Plaintiff to 1. Write an appeal and put everything in the appeal related to the events. 2. Swear under oath that the appeal is true. 3. Notarize the Appeal, and 4. Submit the appeal within 10 days. Plaintiff completed all 4

requirements to the best of his ability and got an Email from the City Attorney that the appeal was not accepted. Both are liable in their official and individual capacity.

## COUNT 4: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING

56. Each Paragraph of this Complaint is incorporated as if restated fully herein.

57. The City Manager had power to provide due process or to remove the library trespass warning, was requested to do so by plaintiff many times and failed to do so. For example, one email was sent on 11/19/2022. He is liable in his official and individual capacity.

## COUNT 5: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING

58. Each Paragraph of this Complaint is incorporated as if restated fully herein.

59. The Mayor and City Council were requested to remove the library trespass warning or provide due process and failed to act. For example, one email was sent 1/30/2023. They are liable in their official and individual capacity.

## COUNT 6: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING

60. Each Paragraph of this Complaint is incorporated as if restated fully herein.

61. The library director has admitted that the library criminal trespass warning was issued based on Plaintiff's public records requests, emailed complaints, and having a process server serve a notice to preserve evidence.

62. The library director and the City of Grapevine did violate Plaintiffs Substantive due process rights by issuing criminal trespass warnings for using only his fundamental rights.

63. Furthermore, the trespass warning itself violates a fundamental right of freedom of association and free speech; thus, this violates Plaintiffs substantive due process rights.

## COUNT 7: 42 U.S.C. §1983:

## LIBRARY TRESPASS WARNING – EQUAL PROTECTION VIOLATION

64. Each Paragraph of this Complaint is incorporated as if restated fully herein.

65. The library trespass warning violated Plaintiff's Equal protection rights. Plaintiff brings this as a class-of-one claim.

66. The basis for the library trespass warning was that Plaintiff used his fundamental rights, and the city did not like it.

67. Other people who used the same fundamental rights were not issued criminal trespass warnings (see all others who submitted public records requests). The difference in treatment was intentional and not related to a legitimate government purpose.

68. The Library director acted intentionally, and is thus liable in both her official and individual capacity.

## COUNT 8: 42 U.S.C. §1983

## LIBRARY RETALIATION FOR PUBLIC RECORDS REQUESTS

69. Each Paragraph of this Complaint is incorporated as if restated fully herein.

70. The Library Director admitted that there was a meeting with City Management and based on Plaintiff's Public Record Requests they decided to issue criminal trespass warnings against plaintiff for the library.

71. This is retaliation from the City Management and the Library Director for Plaintiff submitting requests for public records. City Management and the Library Director are liable in both official and individual capacities.

## COUNT 9: 42 U.S.C. §1983

### LIBRARY RETALIATION FOR REDRESS OF GRIEVANCES

72. Each Paragraph of this Complaint is incorporated as if restated fully herein.

73. The Library Director admitted that emailed redress of grievances made the need for criminal trespass warnings more urgent after having a meeting with City management, making redress of grievances a factor in the City's retaliation.

74. The Library Director acted after this event by issuing a criminal trespass warning. This is retaliation from City Management and the Library director for Plaintiff emailing his redress of grievances about library employees, which are government employees. City Management and the Library Director are liable in both official and individual capacities.

## COUNT 10: 42 U.S.C. §1983

### LIBRARY RETALIATION FOR RIGHT TO SUE

75. Each Paragraph of this Complaint is incorporated as if restated fully herein.

76. The City of Grapevine and Library director served a criminal trespass warning to Plaintiff after Plaintiff served a notice to preserve evidence.

77. Notice to preserve evidence is widely known to be part of the legal process in a lawsuit. Thus, it is covered under the fundamental right to sue.

78. Issuing a criminal trespass warning only after a notice to preserve evidence was served is retaliation from the library director against plaintiff using his right to sue.

79. City Management and the Library Director are liable in both official and individual capacities.

## COUNT 11: 42 U.S.C. §1983

### FALSE IMPRISONMENT

80. Each Paragraph of this Complaint is incorporated as if restated fully herein.

81. The Library Trespass Warning was unlawful restraint on Plaintiffs personal liberties, by threat of force, and arrest. Everyone involved (Including the Chief of Police, City Manager, Library Director, etc) are liable in their official and individual capacities.

## COUNT 12: 42 U.S.C. §1983

### DEFIMATION/COMMON LAW FRAUD

82. Each Paragraph of this Complaint is incorporated as if restated fully herein.

83. The City Manager did create a false public record and then backdate that record to create a false trail to justify the cities position and illegally deprive plaintiff of his civil rights.

84. Creating a fraudulent record to harm the plaintiff is defamation.

85. The fraudulent record also furthered the illegal denial of fundamental rights.

86. The City Manager is liable in his official and individual capacity.

## COUNT 13: 42 U.S.C. §1983

### DEFIMATION/COMMON LAW FRAUD

87. Each Paragraph of this Complaint is incorporated as if restated fully herein.

88. The assistant Library Director (Chad) did file a false police report, claims Plaintiff was committing a trespass in progress.

89. This was a false report of criminal activity in the State of Texas.

90. The report was material and caused the City Police department to contact Plaintiff. This false Police Report is not only fraud, but its defamation against plaintiff.

91. This fraud/defamation further contributed to illegal denial of fundamental rights.

92. Chad is liable in his official and individual capacity.

### COUNT 14: 42 U.S.C. §1983

### DEFIMATION/FRAUD

93. Each Paragraph of this Complaint is incorporated as if restated fully herein.

94. The City Attorney did create a document and send that document to the Attorney General of Texas which contained a false statement purporting to be fact, calling Plaintiff a Danger.

95. The statement was used to try and withhold public records illegally and caused reputation harm to Plaintiff and prevention of Plaintiff proving illegal action for Library Trespass Warning.

96. The City Attorney is liable in his official and individual capacity.

### COUNT 15: 42 U.S.C. §1983

### DEFIMATION/FRAUD

97. Each Paragraph of this Complaint is incorporated as if restated fully herein.

98. The Assistant City Manager did create a document which is public record.

99. The document created contained a false statement purporting to be fact, calling for protection of others from Plaintiff.

100.    The statement was used to justify illegal action taken by the City, the library trespass warning, and it caused reputation harm to Plaintiff.

101.    The Assistant City Manager is liable in her official and individual capacity.

## COUNT 16: 42 U.S.C. §1983

## VIOLATION OF RIGHT OF LOCOMOTION - LIBRARY

102.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

103.    The Library director issued a trespass warning without just cause, which did violate plaintiffs right of locomotion.

## COUNT 17: 42 U.S.C. §1983

## INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

104.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

105.    The illegal conduct from Counts 1-16, and 18-19 which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

106.    The extreme/illegal activity was from Government officials using their offices to abuse their power, and exercise illegal restraint over a citizen clearly causing distress.

107.    The Conduct from the City of Grapevine and its employees was intentional, extreme, illegal and caused plaintiff enough fear and distress he broke his apartment lease and moved out of the city and the County.

FEDERAL CHALLENGES TO STATE LAW:

## COUNT 18: 14TH AMENDMENT VIOLATION

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS

## FOR LIBRARY TRESPASS WARNING

108.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

109.    This complaint is not only challenging the implementation of Texas Penal Code Section 30.05 by the City of Grapevine for the Library Trespass Warning, but Plaintiff is

challenging Texas Penal Code Section 30.05 itself. Texas Penal Code Section 30.05 provided no due process when it was required.

## COUNT 19: 14TH AMENDMENT VIOLATION

## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING

110.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

111.    Plaintiff not only challenges the specific actions of the Library Director and City, but also the Texas Penal Code Section 30.05 itself. A Texas Criminal Trespass warning can be issued to an individual for a public place depriving an individual of equal protection, right of locomotion, the fundamental right of freedom of association, and the fundamental right of free speech; but the law does not provide any reasons for which this can be done violating substantive due process.


**STATE CLAIMS:**


## COUNT 20: IIED: TEXAS CONSTITUTION VIOLATION

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR LIBRARY TRESPASS WARNING

112.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

113.    On Nov 16th, 2022 Officer Manning violated Plaintiffs procedural due process rights by serving the library trespass warning over the phone without giving an appeal process or time and place for a hearing. He is liable in his official and individual capacity.

114.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

115.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

### COUNT 21: IIED: TEXAS CONSTITUTION VIOLATION

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS

### FOR LIBRARY TRESPASS WARNING

116.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

117.     Chief Of Police Mike Hamlin ("The Chief") violated procedural due process rights of the Plaintiff. On December 7th, 2022, Plaintiff Called The Chief and was told that The Chief talked to the district attorney and that he had the power to remove the Library trespass warnings. The Chief failed to remove the Library trespass warning when requested and did not provide plaintiff Procedural Due Process when asked. He is liable in his official and individual capacity.

118.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

119.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

### COUNT 22: IIED: TEXAS CONSTITUTION VIOLATION

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS

### FOR LIBRARY TRESPASS WARNING

120.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

121.     The Assistant City Manager and City Attorney violated Plaintiff's Due Process rights by creating a fake appeal process three months after Plaintiff requested such a process. The Assistant City Manager required the Plaintiff to 1. Write an appeal and put everything in the appeal related to the events. 2. Swear under oath that the appeal is true. 3. Notarize the Appeal, and 4. Submit the appeal within 10 days. Plaintiff completed all 4 requirements to the best of his ability and got an Email from the City Attorney that the appeal was not accepted. Both are liable in their official and individual.

122.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

123.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

**COUNT 23: IIED: TEXAS CONSTITUTION VIOLATION**

**VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS**

**FOR LIBRARY TRESPASS WARNING**

124.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

125.     The City Manager had power to provide due process or to remove the library trespass warning, was requested to do so by plaintiff many times and failed to do so. For example, one email was sent on 11/19/2022. He is liable in his official and individual capacity.

126.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

127.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 24: IIED: TEXAS CONSTITUTION VIOLATION

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS

## FOR LIBRARY TRESPASS WARNING

128.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

129.    The Mayor and City Council were requested to remove the library trespass

warning or provide due process and failed to act. For example, one email was sent

1/30/2023. They are liable in their official and individual capacity.

130.    The actions here were abuse of office from a government official using their

power to illegally deprive Plaintiff of his state Right.

131.    This violation was intentional, abusive, extreme, and caused emotional distress as

can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 25: IIED: TEXAS CONSTITUTION VIOLATION

## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR

## LIBRARY TRESPASS WARNING

132.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

133.    The library director has admitted that the library criminal trespass warning was

issued based on Plaintiff's public records requests, emailed complaints, and having a

process server serve a notice to preserve evidence.

134.    The library director and the City of Grapevine did violate Plaintiffs Substantive

due process rights by issuing criminal trespass warnings for using only his fundamental

rights. Furthermore, the trespass warning itself violates a fundamental right of freedom of

association and free speech; thus, this violates Plaintiffs substantive due process rights.

135.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

136.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 26: IIED: TEXAS CONSTITUTION VIOLATION

## LIBRARY TRESPASS WARNING – EQUAL PROTECTION VIOLATION

137.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

138.    The library trespass warning violated Plaintiff's State Equal protection rights. The basis for the library trespass warning was that Plaintiff used his fundamental rights, and the city did not like it. Other people who used the same fundamental rights were not issued criminal trespass warnings (see all others who submitted public records requests). The difference in treatment was intentional and not related to a legitimate government purpose.

139.    The Library director acted intentionally, and is thus liable in both her official and individual capacity.

140.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

141.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 27: IIED: TEXAS CONSTITUTION VIOLATION

## LIBRARY RETALIATION FOR PUBLIC RECORDS REQUESTS

142.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

143.    The Library Director admitted that there was a meeting with City Management and based on Plaintiff's Public Record Requests they decided to issue criminal trespass warnings against plaintiff for the library.

144.    This is retaliation from the City Management and the Library Director for Plaintiff submitting requests for public records. City Management and the Library Director are liable in both official and individual capacities.

145.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

146.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 28: IIED: TEXAS CONSTITUTION VIOLATION
## LIBRARY RETALIATION FOR REDRESS OF GRIEVANCES

147.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

148.    The Library Director admitted that emailed redress of grievances made the need for criminal trespass warnings more urgent after having a meeting with City management, making redress of grievances a factor in the City's retaliation.

149.    The Library Director acted after this event by issuing a criminal trespass warning. This is retaliation from City Management and the Library director for Plaintiff emailing his redress of grievances about library employees, which are government employees. City Management and the Library Director are liable in both official and individual capacities.

150.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

151.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 29: IIED: TEXAS CONSTITUTION VIOLATION

### LIBRARY RETALIATION FOR RIGHT TO SUE

152.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

153.     The City of Grapevine and Library director served a criminal trespass warning to Plaintiff after Plaintiff served a notice to preserve evidence.

154.     Notice to preserve evidence is widely known to be part of the legal process in a lawsuit. Thus, it is covered under the fundamental right to sue.

155.     Issuing a criminal trespass warning only after a notice to preserve evidence was served is retaliation from the library director against plaintiff using his right to sue.

156.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

157.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 30: TEXAS TORT/COMMON LAW

### FALSE IMPRISONMENT

158.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

159.     The Library Trespass Warning was unlawful restraint on Plaintiffs personal liberties, by threat of force, even deadly force. Everyone involved in that should be liable in their official and individual capacities.

## COUNT 31: TEXAS TORT/COMMON LAW

### DEFIMATION/COMMON LAW FRAUD

160.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

161.     The assistant Library Director (Chad) did file a false police report, claims Plaintiff

was committing a trespass in progress. This is a false report of a criminal offense in the

State of Texas. The report was material and caused the City Police department to contact

Plaintiff. The report is not only fraud but is defamation against plaintiff and hurts

Plaintiffs reputation.

**COUNT 32: TEXAS TORT/COMMON LAW**

**DEFIMATION/COMMON LAW FRAUD**

162.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

163.     The City Manager did create a false public record and then backdate that record to

create a false trail to justify the cities position and illegally deprive plaintiff of his civil

rights. The false public record paints plaintiff in a bad light, and did harm to Plaintiffs

reputation and helped cause damage against plaintiff.

**COUNT 33: TEXAS TORT/COMMON LAW**

**DEFIMATION/FRAUD**

164.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

165.     The City Attorney did create a document and send that document to the Attorney

General of Texas which contained a false statement purporting to be fact, calling Plaintiff

a Danger. The statement was used to try and withhold public records illegally and caused

reputation harm to Plaintiff and prevention of Plaintiff proving illegal action for Library

Trespass Warning.

**COUNT 34: TEXAS TORT/COMMON LAW**

**DEFIMATION/FRAUD**

166.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

167.    The Assistant City Manager did create a document which is public record. The document created contained a false statement purporting to be fact, calling for protection of others from Plaintiff. The statement was used to justify illegal action taken by the City, the library trespass warning, and it caused reputation harm to Plaintiff.

## COUNT 35: TEXAS TORT/COMMON LAW

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

168.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

169.    The illegal conduct from Counts 20-34, and 36-37 which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

170.    The extreme/illegal activity was from Government officials using their offices to abuse their power, and exercise illegal restraint over a citizen clearly causing distress.

171.    The Conduct from the City of Grapevine and its employees was intentional, extreme, illegal and caused plaintiff enough fear and distress he broke his apartment lease and moved out of the city and the County.

## COUNT 36: TEXAS TORT

### CIVIL CONSPIRACY

172.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

173.    The Library Director, Rec Center Director, and City Management which includes the Assistant City Manager, City Manager, etc did meet on Nov 11-12, 2022 and came to a meeting of the minds to deprive Plaintiff of his federal and state civil rights. The individuals then took unlawful action to deprive Plaintiff of his protected rights and retaliate.

27

## COUNT 37: TEXAS TORT

### CIVIL CONSPIRACY

174.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

175.     The City Manager, Assistant City Manager, and City Attorney did conspire to

deprive Plaintiff of his civil rights. They met and came to a meeting of the minds. They

used this meeting to create a false story about Plaintiff and lie. They then acted by public

records fraud and directing others to deprive plaintiff of his protected federal/state civil

rights. Serving trespass warnings and violating multiple fundamental rights.


**REC CENTER TRESPASS WARNING:**

   **FEDERAL CLAIMS:**


## COUNT 38: 42 U.S.C. §1983

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

176.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

177.     Officer Manning violated Plaintiffs procedural due process rights by serving the

Rec Center trespass warning over the phone without giving an appeal process or time and

place for a hearing on 11/16/2022. He is liable in his official and individual capacity.

## COUNT 39: 42 U.S.C. §1983

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

178.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

179.    The Chief violated procedural due process rights of the Plaintiff. On December 7th, 2022, Plaintiff Called The Chief and was told that The Chief talked to the district attorney and that he had the power to remove the Rec Center trespass warnings.

180.    The Chief failed to remove the Rec Center trespass warning when requested and did not provide plaintiff Procedural Due Process when asked.

181.    He is liable in his official and individual capacity.

## COUNT 40: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

182.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

183.    The Assistant City Manager and City Attorney violated Plaintiff's Due Process rights by creating a fake appeal process nearly three months after Plaintiff requested such a process.

184.    The Assistant City Manager required the Plaintiff to 1. Write an appeal and put everything in the appeal related to the events. 2. Swear under oath that the appeal is true. 3. Notarize the Appeal, and 4. Submit the appeal within 10 days.

185.    Plaintiff completed all 4 requirements to the best of his ability and got an Email from the City Attorney that the appeal was not accepted.

186.    Both are liable in their official and individual capacity.

## COUNT 41: 42 U.S.C. §1983

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

187.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

188.     The City Manager had power to provide due process or to remove the Rec Center

trespass warning, was requested to do so by plaintiff many times and failed to do so. For

example, one email was sent on 11/19/2022. He is liable in his official and individual

capacity.

### COUNT 42: 42 U.S.C. §1983

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR

### REC CENTER TRESPASS WARNING

189.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

190.     The Mayor and City Council were requested to remove the Rec Center trespass

warning or provide due process and failed to act. One such email sent to them was on

1/30/2023. They are liable in their official and individual capacity.

### COUNT 43: 42 U.S.C. §1983

### VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR

### REC CENTER TRESPASS WARNING

191.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

192.     The Parks and Rec director has issued a criminal trespass warning based on

Plaintiff's public records requests, emailed complaints, and sending a notice to preserve

evidence. Or another claim is that its because the Library issued one.

193.     The Parks/Rec director and the City of Grapevine did violate Plaintiffs

Substantive due process rights by issuing criminal trespass warnings for using only his

fundamental rights.

194.     Furthermore, the trespass warning itself violates a fundamental right of freedom

of association and free speech; thus, this violates Plaintiffs substantive due process rights.

195.       He is liable in his official and individual capacity.

## COUNT 44: 42 U.S.C. §1983:

## REC CENTER TRESPASS WARNING – EQUAL PROTECTION VIOLATION

196.       Each Paragraph of this Complaint is incorporated as if restated fully herein.

197.       The Rec Center trespass warning violated Plaintiff's Equal protection rights.
Plaintiff brings this as a class-of-one claim.

198.       The basis for the library trespass warning was that Plaintiff used his fundamental
rights, and the city did not like it. Other people who use the same fundamental rights
were not issued criminal trespass warnings (see all others who submitted public records
requests). The difference in treatment was intentional and not related to a legitimate
government purpose.

199.       The Parks/Rec director acted intentionally and is thus liable in both his official
and individual capacity.

## COUNT 45: 42 U.S.C. §1983

## REC CENTER RETALIATION FOR PUBLIC RECORDS REQUESTS

200.       Each Paragraph of this Complaint is incorporated as if restated fully herein.

201.       The Library Director admitted that there was a meeting with City Management
and based on Plaintiff's Public Record Requests they decided to issue criminal trespass
warnings.

202.       The Parks and Rec Director requested criminal trespass warnings at the same time
as the library.

203.     This is retaliation from City Management and the Parks/Rec Director for Plaintiff

submitting requests for public records. City Management and the Parks/Rec Director are

liable in both official and individual capacities.

## COUNT 46: 42 U.S.C. §1983

## REC CENTER RETALIATION FOR REDRESS OF GRIEVANCES

204.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

205.     The Library Director admitted that emailed redress of grievances made the need

for criminal trespass warnings more urgent after having a meeting with City

management, making redress of grievances a factor in the City's retaliation.

206.     The Park/Rec Director acted after this event by issuing a criminal trespass

warning.

207.     This is retaliation from City Management and the Park/Rec director for Plaintiff

emailing his redress of grievances about library employees, which are government

employees.

208.     City Management and the Park/Rec Director are liable in both official and

individual capacities.

## COUNT 47: 42 U.S.C. §1983

## REC CENTER RETALIATION FOR RIGHT TO SUE

209.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

210.     The City of Grapevine and Parks and Rec director served a criminal trespass

warning to Plaintiff after Plaintiff served a notice to preserve evidence.

211.     Notice to preserve evidence is widely known to be part of the legal process in a

lawsuit. Thus, it is covered under the fundamental right to sue.

212.     Issuing a criminal trespass warning only after a notice to preserve evidence was served is retaliation from the Parks and Rec director against plaintiff using his right to sue.

213.     He is liable in his official and individual capacity.

### COUNT 48: 42 U.S.C. §1983

### FALSE IMPRISONMENT

214.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

215.     The REC Center Trespass Warning was unlawful restraint on Plaintiffs personal liberties, by threat of force, even deadly force. Everyone involved in that should be liable in their official and individual capacities.

### COUNT 49: 42 U.S.C. §1983

### DEFIMATION/COMMON LAW FRAUD

216.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

217.     The City Manager did create a false public record and then backdate that record to create a false trail to justify the cities position and illegally deprive plaintiff of his public rights.

218.     The false public record paints plaintiff in a bad light, and did harm to Plaintiffs reputation and helped cause damage against plaintiff.

219.     This false record also helped interfere with Plaintiffs US Fundamental rights.

220.     He is liable in his official and individual capacity.

### COUNT 50: 42 U.S.C. §1983

### DEFIMATION/FRAUD

221.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

222.    The City Attorney did create a document and send that document to the Attorney General of Texas which contained a false statement purporting to be fact, calling Plaintiff a Danger.

223.    The statement was used to try and withhold public records illegally and caused reputation harm to Plaintiff and prevention of Plaintiff proving illegal action for Rec Center Trespass Warning.

224.    He is liable in his official and individual capacity.

## COUNT 51: 42 U.S.C. §1983

### DEFIMATION/FRAUD

225.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

226.    The Assistant City Manager did create a document which is public record.

227.    The document created contained a false statement purporting to be fact, calling for protection of others from Plaintiff.

228.    The statement was used to justify illegal action taken by the City, the Rec Center trespass warning, and it caused reputation harm to Plaintiff.

229.    She is liable in his official and individual capacity.

## COUNT 52: 42 U.S.C. §1983

### VIOLATION OF RIGHT OF LOCOMOTION – Rec Center

230.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

231.    The Rec Center director issued a trespass warning without just cause, which did violate plaintiffs right of locomotion.

## COUNT 53: 42 U.S.C. §1983

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

232.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

233.    The illegal conduct from Counts 1-16, and 18-19 which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

234.    The extreme/illegal activity was from Government officials using their offices to abuse their power, and exercise illegal restraint over a citizen clearly causing distress.

235.    The Conduct from the City of Grapevine and its employees was intentional, extreme, illegal and caused plaintiff enough fear and distress he broke his apartment lease and moved out of the city and the County.


FEDERAL CHALLENGES TO STATE LAW:

## COUNT 54: 14TH AMENDMENT VIOLATION

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

236.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

237.    This complaint is not only challenging the implementation of Texas Penal Code Section 30.05 by the City of Grapevine for the Rec Center Trespass Warning, but Plaintiff is challenging Texas Penal Code Section 30.05 itself. Texas Penal Code Section 30.05 provides no due process when it is required.

## COUNT 55: 14TH AMENDMENT VIOLATION

## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

238.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

239.    Plaintiff not only challenges the specific actions of the Parks/Rec Director and
City, but also the Texas Penal Code Section 30.05 itself. A Texas Criminal Trespass
warning can be issued to an individual for a public place depriving that individual of
equal protection, right of locomotion, the fundamental right of freedom of association,
and the fundamental right of free speech; but the law allows this to be done with no
reasons at all, or no legitimate reasons.

**STATE CLAIMS:**

**COUNT 56: IIED: TEXAS CONSTITUTION VIOLATION**

**VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR**
**REC CENTER TRESPASS WARNING**

240.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

241.    Officer Manning violated Plaintiffs procedural due process rights by serving the
Rec Center trespass warning over the phone without giving an appeal process or time and
place for a hearing on 11/16/2022. He is liable in his official and individual capacity.

242.    The actions here were abuse of office from a government official using their
power to illegally deprive Plaintiff of his state Right.

243.    This violation was intentional, abusive, extreme, and caused emotional distress as
can be seen from both testimony of the Plaintiff and his circumstances.

**COUNT 57: IIED: TEXAS CONSTITUTION VIOLATION**

**VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR**
**REC CENTER TRESPASS WARNING**

244.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

245.    The Chief violated procedural due process rights of the Plaintiff. On December 7th, 2022, Plaintiff Called The Chief and was told that The Chief talked to the district attorney and that he had the power to remove the Rec Center trespass warnings. The Chief failed to remove the Rec Center trespass warning when requested and did not provide plaintiff Procedural Due Process when asked. He is liable in his official and individual capacity.

246.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

247.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

### COUNT 58: IIED: TEXAS CONSTITUTION VIOLATION
### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

248.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

249.    The Assistant City Manager and City Attorney violated Plaintiff's Due Process rights by creating a fake appeal process nearly three months after Plaintiff requested such a process. The Assistant City Manager required the Plaintiff to 1. Write an appeal and put everything in the appeal related to the events. 2. Swear under oath that the appeal is true. 3. Notarize the Appeal, and 4. Submit the appeal within 10 days. Plaintiff completed all 4 requirements to the best of his ability and got an Email from the City Attorney that the appeal was not accepted. Both are liable in their official and individual capacity.

250.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

251.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

### COUNT 59: IIED: TEXAS CONSTITUTION VIOLATION

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

252.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

253.     The City Manager had power to provide due process or to remove the Rec Center trespass warning, was requested to do so by plaintiff many times and failed to do so. For example, one email was sent on 11/19/2022. He is liable in his official and individual capacity.

254.     The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

255.     This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

### COUNT 60: IIED: TEXAS CONSTITUTION VIOLATION

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

256.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

257.     The Mayor and City Council were requested to remove the Rec Center trespass warning or provide due process and failed to act. One such email sent to them was on 1/30/2023. They are liable in their official and individual capacity.

258. The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

259. This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 61: IIED: TEXAS CONSTITUTION VIOLATION

## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS FOR REC CENTER TRESPASS WARNING

260. Each Paragraph of this Complaint is incorporated as if restated fully herein.

261. The Parks and Rec director has issued a criminal trespass warning based on Plaintiff's public records requests, emailed complaints, and sending a notice to preserve evidence.

262. The Parks/Rec director and the City of Grapevine did violate Plaintiffs Substantive due process rights by issuing criminal trespass warnings for using only his fundamental rights. Furthermore, the trespass warning itself violates a fundamental right of freedom of association and free speech; thus, this violates Plaintiffs substantive due process rights.

263. The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

264. This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 62: IIED: TEXAS CONSTITUTION VIOLATION

## REC CENTER TRESPASS WARNING – EQUAL PROTECTION VIOLATION

265. Each Paragraph of this Complaint is incorporated as if restated fully herein.

266.    The Rec Center trespass warning violated Plaintiff's Equal protection rights. The basis for the library trespass warning was that Plaintiff used his fundamental rights, and the city did not like it. Other people who use the same fundamental rights were not issued criminal trespass warnings (see all others who submitted public records requests). The difference in treatment was intentional and not related to a legitimate government purpose.

267.    The Parks/Rec director acted intentionally and is thus liable in both his official and individual capacity.

268.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

269.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 63: IIED: TEXAS CONSTITUTION VIOLATION

## REC CENTER RETALIATION FOR PUBLIC RECORDS REQUESTS

270.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

271.    The Library Director admitted that there was a meeting with City Management and based on Plaintiff's Public Record Requests they decided to issue criminal trespass warnings.

272.    The Parks and Rec Director issued criminal trespass warnings at the same time as the library.

273.    This is retaliation from City Management and the Parks/Rec Director for Plaintiff submitting requests for public records. City Management and the Parks/Rec Director are liable in both official and individual capacities.

274.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

275.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 64: IIED: TEXAS CONSTITUTION VIOLATION

## REC CENTER RETALIATION FOR REDRESS OF GRIEVANCES

276.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

277.    The Library Director admitted that emailed redress of grievances made the need for criminal trespass warnings more urgent after having a meeting with City management, making redress of grievances a factor in the City's retaliation.

278.    The Park/Rec Director acted after this event by issuing a criminal trespass warning. This is retaliation from City Management and the Park/Rec director for Plaintiff emailing his redress of grievances about library employees, which are government employees. City Management and the Park/Rec Director are liable in both official and individual capacities.

279.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

280.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 65: IIED: TEXAS CONSTITUTION VIOLATION

## REC CENTER RETALIATION FOR RIGHT TO SUE

281.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

282.    The City of Grapevine and Parks and Rec director served a criminal trespass warning to Plaintiff after Plaintiff served a notice to preserve evidence.

283.    Notice to preserve evidence is widely known to be part of the legal process in a lawsuit. Thus, it is covered under the fundamental right to sue.

284.    Issuing a criminal trespass warning only after a notice to preserve evidence was served is retaliation from the Parks and Rec director against plaintiff using his right to sue.

285.    The actions here were abuse of office from a government official using their power to illegally deprive Plaintiff of his state Right.

286.    This violation was intentional, abusive, extreme, and caused emotional distress as can be seen from both testimony of the Plaintiff and his circumstances.

## COUNT 66: IIED: TEXAS TORT/COMMON LAW

### FALSE IMPRISONMENT

287.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

288.    The REC Center Trespass Warning was unlawful restraint on Plaintiffs personal liberties, by threat of force, even deadly force. Everyone involved in that should be liable in their official and individual capacities.

## COUNT 67: TEXAS TORT/COMMON LAW

### FRAUD

289.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

290.    The City Manager did create a false public record and then backdate that record to create a false trail to justify the cities position and illegally deprive plaintiff of his public

rights. The false public record paints plaintiff in a bad light, and did harm to Plaintiffs reputation and helped cause damage against plaintiff.

## COUNT 68: TEXAS TORT/COMMON LAW
### DEFIMATION

291.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

292.    The City Attorney did create a document and send that document to the Attorney General of Texas which contained a false statement purporting to be fact, calling Plaintiff a Danger. The statement was used to try and withhold public records illegally and caused reputation harm to Plaintiff and prevention of Plaintiff proving illegal action for Rec Center Trespass Warning.

## COUNT 69: TEXAS TORT/COMMON LAW
### DEFIMATION

293.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

294.    The Assistant City Manager did create a document which is public record. The document created contained a false statement purporting to be fact, calling for protection of others from Plaintiff. The statement was used to justify illegal action taken by the City, the Rec Center trespass warning, and it caused reputation harm to Plaintiff.

## COUNT 70: TEXAS TORT/COMMON LAW
### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

295.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

296.    The illegal conduct from COUNT 99, which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

## COUNT 71: TEXAS TORT/COMMON LAW

## CIVIL CONSPIRACY

297.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

298.    The City Manager, Assistant City Manager, and City Attorney did conspire to deprive Plaintiff of his civil rights. They met and came to a meeting of the minds. They used this meeting to create a false story about Plaintiff and lie. They then acted by public records fraud, and directing others to deprive plaintiff of his protected federal/state civil rights.

## COUNT 72: TEXAS TORT/COMMON LAW

## CIVIL CONSPIRACY

299.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

300.    The City Manager, Assistant City Manager, and City Attorney did conspire to deprive Plaintiff of his civil rights. They met and came to a meeting of the minds. They used this meeting to create a false story about Plaintiff and lie. They then acted by: creating false public records (fraud), and directing others to deprive plaintiff of his protected federal/state civil rights, etc.

**TEXAS PEACE BOND:**

**FEDERAL CLAIMS:**

## COUNT 73: 42 U.S.C. §1983

## ABUSE OF PROCESS

301.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

302.    The Grapevine City Attorney, Grapevine Library Director, and Gracie Burckhard, and Jane Doe did initiate and participate in use of the Texas peace bond procedure.

303.    The Grapevine City Attorney, Grapevine Library Director, and Gracie Burckhard, and Jane Doe applied for a Texas peace bond when Plaintiff had only used his constitutionally protected fundamental civil rights.

304.    These individuals did use the legal system to violate Plaintiffs federal/state civil rights, in an improper way.

305.    They made a false representation of the facts in the procedure which is an abuse of the process.

306.    The individuals were acting in their official capacity and thus are liable under 42 U.S.C. §1983, and are liable in their individual capacity.

## COUNT 74: 42 U.S.C. §1983

### ABUSE OF PROCESS

307.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

308.    At the hearing for the peace bond, The City Attorney said if Plaintiff did not agree to the terms the City may try to press criminal charges against Plaintiff.

309.    Plaintiff was told the charges might even be felony charges because Plaintiff's public records requests have aggravated the City of Grapevine.

310.    This put Plaintiff in a state of Duress and is illegal coercion and abuse of process by the City Attorney.

## COUNT 75: 42 U.S.C. §1983

### ABUSE OF PROCESS

311.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

312.    The Justice of the Peace lied on official court documents.

313.    The Justice of the Peace falsely said Plaintiff agreed there was just cause for a Peace Bond.

314.    The Justice of the Peace used a criminal process for a purpose not sanctioned by law, and thus committed an abuse of process.

315.    Abuse of process and falsification of court documents is not a function of a Justice of the Peace and so Absolute Immunity does not apply.

### COUNT 76: 42 U.S.C. §1983

### Common Law Fraud/Defamation

316.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

317.    The Justice of the Peace lied on official court documents.

318.    The Justice of the Peace falsely said Plaintiff agreed there was just cause for a Peace Bond.

319.    The Justice of the Peace also lied and said he heard proof of an offense.

320.    The fraud here made the peace bond appear valid.

321.    If the Justice of the Peace had not lied, it's the peace bond would have had the effect it did.

322.    The Justice of the Peace did commit Fraud.

323.    The fraud committed violated US Fundamental rights including freedom of speech.

324.    Fraud is not a function of a Justice of the Peace and so Absolute Immunity does not apply.

325.    He is liable in his official and individual capacity.

## COUNT 77: 42 U.S.C. §1983:

### TEXAS PEACE BOND – RETALIATION FOR PUBLIC RECORDS REQUESTS

326.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

327.     The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis was that Plaintiff used his constitutional right of free speech to request public records. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

## COUNT 78: 42 U.S.C. §1983:

### TEXAS PEACE BOND – RETALIATION FOR REDRESS OF GRIEVANCE

328.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

329.     The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis that Plaintiff used his constitutional right to redress of grievances. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

## COUNT 79: 42 U.S.C. §1983:

### TEXAS PEACE BOND – RETALIATION FOR RIGHT TO SUE

330.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

331.     The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis that Plaintiff used his constitutional right to sue by serving a notice to preserve evidence. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

## COUNT 80: 42 U.S.C. §1983:

### EQUAL PROTECTION VIOLATION

332.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

333.    The Texas Peace Bond violated Plaintiff's Equal protection rights.

334.    Plaintiff brings this as a class-of-one claim.

335.    The basis for the Peace Bond was that Plaintiff used his fundamental rights, and the city did not like it. Other people who use the same fundamental rights did not have the city file a peace bond application against them (see all others who submitted public records requests). The difference in treatment was intentional and not related to a legitimate government purpose.

336.    The plaintiffs involved acted intentionally and are thus liable in both their official and individual capacity.

## COUNT 81: 42 U.S.C. §1983

### FALSE IMPRISONMENT

337.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

338.    The Peace Bond was unlawful restraint on Plaintiffs personal liberties. The Peace Bond illegally restricted the movement of Plaintiff. Everyone involved in that process should be liable in their official and individual capacities.

## COUNT 82: 42 U.S.C. §1983

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

339.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

340.    The illegal conduct from COUNTS 73-81, which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

FEDERAL CHALLENGES TO STATE LAW:

## COUNT 83: 14TH AMENDMENT VIOLATION:

### TEXAS PEACE BOND SUBSTANTIVE DUE PROCESS VIOLATION 1

341.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

342.    Plaintiff has been deprived of $2500, which was ordered paid to the state; or there
would be a warrant issued for Plaintiff's arrest.

343.    Since Plaintiff committed no crime, made no threats of physical harm to a person
or property, and only used his fundamental rights; the state deprived Plaintiff of his
property and fundamental rights for no valid reason, violating substantive due process.
The peace bond should have never been issued and is unconstitutional.

344.    Plaintiff not only brings this claim against the specific ruling issuing the peace
bond, but challenges Chapter 7 of the Texas Code of Criminal Procedure as
unconstitutional for being able to deprive individuals of property and fundamental rights
without just cause.

## COUNT 84: 14TH AMENDMENT VIOLATION:

### TEXAS PEACE BOND SUBSTANTIVE DUE PROCESS VIOLATION 2

345.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

346.    The Justice of The Peace in the Peace Bond ordered that Plaintiff cannot interact
with any Grapevine city government official except through the City Attorney.

347.    Under the order it would be illegal for plaintiff to talk to a city employee at the
municipal court to request court records. It would be illegal for Plaintiff to call the fire
department to report a fire or call the police. This is so burdensome, that Plaintiff is
essentially banned from the City of Grapevine. This clearly violates the redress of
grievances clause in both the federal and state constitutions with no valid reason and is a

violation of substantive due process, as well as the US Constitution first amendment. The Peace Bond and order are unconstitutional.

348.     Plaintiff not only brings this claim against the specific ruling issuing the peace bond, but challenges Chapter 7 of the Texas Code of Criminal Procedure as unconstitutional for being able to deprive individuals of property and fundamental rights without just cause.

## COUNT 85: 14TH AMENDMENT VIOLATION:

## TEXAS PEACE BOND - EQUAL PROTECTION VIOLATION

349.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

350.     Since Plaintiff committed no crime, and only used his fundamental rights, the state deprived Plaintiff of his property under threat of arrest.

351.     Plaintiff brings this action under the class-of-one claim. These actions by the state violate the equal protection clause of the US Constitution, because the same actions are not taken against all people who use their fundamental rights (see others who submitted public records requests). This means the Peace Bond ordered by the judge is unconstitutional. Furthermore, Chapter 7 of the Texas Code of Criminal Procedure is unconstitutional.

## COUNT 86: 14TH AMENDMENT VIOLATION

## TEXAS PEACE BOND – RETALIATION FOR REDRESS OF GRIEVANCE

352.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

353.     The Justice of the Peace issued a peace bond against Plaintiff, and part of the basis was that Plaintiff used his constitutional right to communicate his redress of

Grievances. This means the Peace Bond ordered by the judge is unconstitutional and retaliates for redress of grievance.

## COUNT 87: 14TH AMENDMENT VIOLATION:

### TEXAS PEACE BOND – RETALIATION FOR PUBLIC RECORDS REQUESTS

354.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

355.    The Justice of the Peace issued a peace bond against Plaintiff part of the basis was that Plaintiff used his constitutional right of free speech to request public records. This means the Peace Bond ordered by the judge is unconstitutional.

## COUNT 88: 14TH AMENDMENT VIOLATION:

### TEXAS PEACE BOND – EXESSIVE FINES VIOLATION

356.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

357.    The Peace Bond Issued by the Justice of The Peace orders Plaintiff's bond be revoked for affirmative communication with any Grapevine government official other than the city attorney. This is essentially imposing a fine of $2500 for affirmative communication with any Grapevine government official other than the city attorney. This is an excessive fine.

358.    Plaintiff not only brings this claim against the specific ruling issuing the peace bond, but challenges Chapter 7 of the Texas Code of Criminal Procedure as unconstitutional for being able to create excessive fines for no just cause.

## COUNT 89: 14TH AMENDMENT VIOLATION

### TEXAS PEACE BOND – PROCEDURAL DUE PROCESS VIOLATION 1

359.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

360.    Section 7.03 of the Texas Code of Criminal Procedure says that the Magistrate
SHALL hear proof as to the accusation. However, Justice of the Peace William Brandt
did not hold a hearing and hear proof as to the accusation. What threat or offense did
Justice of the Peace William Brandt act to deter? No one knows. Plaintiff made no threat
to person or property.

361.    This means the Peace Bond ordered by the judge is unconstitutional and violates
Plaintiffs Federal due process rights. Justice of the Peace William Brandt did not follow
the process as laid out by law and thus is his order is unconstitutional.

362.    The Justice of the Peace lied and there was no other judge to review the facts of
the case. This is a violation of due process.

COUNT 90: 14TH AMENDMENT VIOLATION

### COUNT 90: 14TH AMENDMENT VIOLATION

### TEXAS PEACE BOND – PROCEDURAL DUE PROCESS VIOLATION 2

363.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

364.    Chapter 7 of the Texas Code of Criminal Procedure does not allow the accused a
right of appeal if a bond is issued by a magistrate. Thus, the entirety of Chapter 7 of the
Texas Code of Criminal Procedure is unconstitutional and violates the federal due
process rights of the accused. The peace bond can be ordered by a single judge and the
state law does not require review by another person even if fundamental rights have been
infringed. This process is highly subject to not only error but abuse by corrupt individuals
as shown in this complaint.

### COUNT 91: 8TH AMENDMENT VIOLATION

### TEXAS PEACE BOND – EXCESSIVE FINES VIOLAITON

365.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

366.     Chapter 7 of the Texas Code of Criminal Procedure allows judges to issue an order and set bond that will be revoked if the judge's order is violated. The Judge's order can violate federal law and essentially create a fine and criminal offense for use of federal fundamental or other rights. This can be seen in the specific use of the peace bond issued against Plaintiff. The current peace bond violates the excessive fines clause.

**STATE CLAIMS:**

## COUNT 92: TEXAS TORT

### ABUSE OF PROCESS

367.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

368.     The Grapevine City Attorney, Grapevine Library Director, and Gracie Burckhard, and Jane Doe did initiate and participate in use of the Texas peace bond procedure.

369.     The Grapevine City Attorney, Grapevine Library Director, and Gracie Burckhard, and Jane Doe applied for a Texas peace bond when Plaintiff had only used his constitutionally protected fundamental civil rights.

370.     It appears these individuals were trying to use the legal system to violate Plaintiffs federal/state civil rights, in an improper way.

371.     There was no threat to their life, and they made a false representation of the facts in the procedure in an abuse of the process.

372.    The individuals were acting in their official capacity and thus are liable under 42 U.S.C. §1983, and are liable in their individual capacity.

## COUNT 93: TEXAS TORT

## ABUSE OF PROCESS

373.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

374.    At the hearing for the peace bond, The City Attorney said if Plaintiff did not agree to the terms the City may try to press criminal charges against Plaintiff.

375.    Plaintiff was told the charges might even be felony charges because Plaintiff's public records requests have aggravated the City of Grapevine.

376.    This put Plaintiff in a state of Duress and is illegal coercion and abuse of process by the City Attorney.

## COUNT 94: TEXAS CONSTITUTION VIOLAITON:

## TEXAS PEACE BOND – RETALIATION FOR PUBLIC RECORDS REQUESTS

## INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

377.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

378.    The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis was that Plaintiff used his constitutional right of free speech to request public records. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

## COUNT 95: TEXAS CONSTITUTION VIOLAITON:

## TEXAS PEACE BOND – RETALIATION FOR REDRESS OF GRIEVANCE

## INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

379.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

380.    The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis that Plaintiff used his constitutional right to redress of grievances. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

### COUNT 96: TEXAS CONSTITUTION VIOLAITON:

### TEXAS PEACE BOND – RETALIATION FOR RIGHT TO SUE

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

381.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

382.    The Library Director, City Attorney, Gracie, et al. requested a peace bond against Plaintiff on the basis that Plaintiff used his constitutional right to sue by serving a notice to preserve evidence. This is illegal retaliation against plaintiff, and these individuals are liable in both their official and individual capacity.

### COUNT 97: TEXAS CONSTITUTION VIOLAITON:

### EQUAL PROTECTION VIOLATION

383.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

384.    The Texas Peace Bond violated Plaintiff's Equal protection rights. Plaintiff brings this as a class-of-one claim. The basis for the Peace Bond was that Plaintiff used his fundamental rights, and the city did not like it. Other people who use the same fundamental rights did not have the city file a peace bond application against them (see all others who submitted public records requests). The difference in treatment was intentional and not related to a legitimate government purpose.

385.    The plaintiffs involved acted intentionally and are thus liable in both their official and individual capacity.

## COUNT 98: TEXAS TORT

### FALSE IMPRISONMENT

386.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

387.    The Peace Bond was unlawful restraint on Plaintiff's personal liberties.

388.    Plaintiff was not able to use his full freedom of locomotion as it was being restricted.

389.    The Peace Bond illegally restricted the movement of Plaintiff. Everyone involved in that process should be liable in their official and individual capacities.

## COUNT 99: TEXAS TORT

### CIVIL CONSPIRACY

390.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

391.    The Library Director, City Attorney, Gracie, et al clearly came to a meeting of the minds and decided to apply for a peace bond.

392.    The defendants applied for a peace more than 5 months after Plaintiff had left the library and not seen them again.

393.    The defendants applied for a peace after Plaintiff moved out of the City and out of the County.

394.    The peace bond illegally deprived Plaintiff of Federally protected civil rights such at the right to petition the government, the right of locomotion, the right of freedom of association, the right of free speech.

## COUNT 100: TEXAS TORT

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

395.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

396.     The illegal conduct from COUNTs 98-100, which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.


**PROPETY RIGHTS:**

   **FEDERAL CLAIMS:**

### COUNT 101: 42 U.S.C. §1983, §1983

### 42 U.S.C. §1981 – RIGHT TO CONTRACT VIOLATION

397.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

398.     Plaintiff had a valid contract with an apartment signed by both parties for real property rights. Plaintiff did break the contract for fear of arrest because if illegal actions by the City of Grapevine.

399.     The Chief of Police told Plaintiff not to get near the library. Since Plaintiff's apartment was near the library, this would prevent Plaintiff from property rights without severe risk. The City Attorney, and Assistant City Manager swore under oath that Plaintiff was on library property when Plaintiff was on an adjacent property.

400.     Thus, the city did interfere with Plaintiff's right to contract, because any reasonable person would have been scared away from the contract.

### COUNT 102: TEXAS TORT

### INTENTIONAL INFLECTION OF EMOTIONAL/MENTAL DISTRESS

401.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

402.     The illegal conduct from COUNT 101, which Plaintiff knew was illegal caused emotional and mental distress to Plaintiff.

**OTHER CLAIMS:**

## COUNT 103: 42 U.S.C. §1985

### CIVIL CONSPIRACY

403.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

404.    Plaintiff emailed a complaint about discrimination of a protected class to the City
Manager and others.

405.    At least two people conspired and acted against plaintiff for the complaint.

406.    Those people were the Library Director and the Parks/Rec Director, City
Attorney, and others.

407.    The Actions these people took (issuing trespass warnings, getting a peace bond)
deprived Plaintiff of fundamental rights including freedom of speech, freedom of
association, etc.

## COUNT 104: RESPONDEAT SUPERIOR

408.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

409.    In committing the many violations of both federal and state law, employees or
municipal defendants, acting at all relevant times in their official capacity under the color
of state law.

410.    These defendants are liable as principles for all torts committed by their agents,
because they knew about the actions of their agents. Thus, the liability is not solely
because they had agents, but because they knew about what their agents were doing and
failed to act and follow federal law when warned.

## COUNT 105: NEGLIGENT HIRING, SUPERVISION, AND TRAINING

411.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

412.    Plaintiff was abused by multiple city officials, as they used their power to deprive

plaintiff of fundamental rights and retaliate against plaintiff. This includes the failure by

police officers to provide a notice and opportunity to be heard, and all others for violation

of procedural due process, violations of substantive due process, retaliation, conspiracy,

libel, harassment, etc.

413.    They city failed to hire a City Attorney who had the proper training and could

advised the City on both federal and state civil rights.

414.    The City failed to hire a City Manager, Assistant City Manager, Library Director,

Assistant Library Director, Parks and Recreation Director, Chief of Police, and Assistant

Chief of Police who would uphold the law.

415.    The City appears to have failed to train the City Manager, Assistant City

Manager, Library Director, Assistant Library Director, Parks and Recreation Director in

federal and state civil rights law.

416.    As a direct result of negligent hiring, supervision, and training; plaintiff had

multiple federal and state civil rights illegally violated.

### COUNT 106: 42 U.S.C. §1981

### MUNICIPAL LIABILITY/MONELL POLICY CLAIM

417.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

418.    As described herein, the Municipal defendants and the city itself are liable for

violation of Plaintiffs constitutional rights.

419.    Plaintiff's damages were caused by the policies, practices, and customs of the

Municipal defendants, as well as the actions of policy-making officials for the Municipal

defendants.

420.    As explained with the events described above, the Municipal defendants failed to promulgate proper or adequate rules, regulations, polices, and procedures to ensure Plaintiff's rights were upheld; rights which were violated include: equal protection, right to sue, right to redress government for grievances, right of locomotion, right of free association, freedom of speech, right to due process, right to contract, and others.

421.    Plaintiff specifically addressed the policymakers and the other decision makers in the government pointing them to the law. Plaintiff clearly give the individuals time to create process, time to pass city ordinances, and yet the policymakers and decision makers failed to take any reasonable action.

## COUNT 107: INDEMNIFICATION

## MUNICIPALITY INDEMNIFICATION

422.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

423.    Texas Law (Tex. Civ. Prac. & Rem. Code § 101.0215) requires that municipalities pay any tort judgment for damages where employees are liable within the scope of the employment. At all times defendants acted within their official capacities.

## COUNT 108: COMMON LAW FRAUD

## FRAUD ON THE COURT

424.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

425.    The City Attorney, Library Director, Gracie Burckhard, and Jane Doe committed fraud on the Court.

426.    In the Peace Bond Application these individuals made false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed.

427.     These individuals made misleading allegations to the court to retaliate against a citizen for use of United States Fundamental rights.

428.     These individuals also concealed facts that should have been disclosed. Such facts that should be disclosed would be that the Plaintiff never made a serious threat to anyone's person or property. Or that Plaintiff only used Fundamental rights.

## VI.     DAMAGES

429.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

430.     The City of Grapevine deprived Plaintiff of $19,800 of real property rights.

431.     The City of Grapevine deprived Plaintiff of $264.95 of USD lost due to breaking his apartment contract.

432.     The malicious use of the Texas Peace Bond process caused Plaintiff to hire a lawyer which cost over $1000. A second lawyer was hired, and a $5000 retainer was paid.

433.     All legal fees for this Federal Complaint, including filing fees, process serving, etc.

434.     The State of Texas deprived Plaintiff of $2500, which need to be returned.

435.     The City of Grapevine has caused personal humiliation, embarrassment, and mental distress for the use of criminal procedures against plaintiff and plaintiff should be compensated for this abuse.

436.     The City of Grapevine and its employees have damaged Plaintiff's reputation in the community.

437.     The City of Grapevine and its employees have damaged Plaintiff's reputation with lies, false police reports, defamation, harassment, and abuse of process.

438.     The City of Grapevine and its employees have deprived Plaintiff of his federal and state civil rights illegally and Plaintiff should be compensated for damages.

439.     Actions by defendants have prevented plaintiff from proceeding with Direct Commission into the United States Space Force.

## VII.     RELIEF REQUESTED

440.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

441.     Injective Relief is sought, Plaintiff asks the court to remove all trespass warnings against the Plaintiff by the City of Grapevine permanently.

442.     Injective Relief is sought, Plaintiff asks the court to remove the Peace Bond against Plaintiff and have his money returned.

443.     Injective Relief/ declaratory relief is sought, Plaintiff asks the court to declare the Peace Bond against Plaintiff void and illegal. The peace bond and order are unconstitutional and cannot survive strict scrutiny.

444.     Plaintiff requests that the court rule that Section 30.05 Texas Penal Code as unconstitutional, and asks for declaratory and injunctive relief against the State of Texas.

445.     Plaintiff requests that the court rule that the entire Chapter 7 of the Texas Code of Criminal Procedure as unconstitutional, and asks for declaratory and injunctive relief against the State of Texas.

446.     Plaintiff requests the Court Order the City of Grapevine to Pay Plaintiff $19,800 for the real property rights for which Plaintiff was deprived.

447.     Plaintiff requests the Court Order the City of Grapevine to Pay Plaintiff $264.95 for loss he took in breaking his apartment contract.

448.     Plaintiff requests the Court Order the City of Grapevine to Pay Plaintiff $1000 for

the attorney fees and any other attorney fees that may be required.

449.     Under 42 U.S.C. §1983 and supplemental state law claims, Plaintiff is entitled to

be awarded and asks the court to grant presumed damages, compensatory damages,

general damages, specific damages, nominal damages, exemplary damages, and punitive

damages. Plaintiff asks the court to grant the maximum damages allowed by law in order

to prevent further abuse and violation of rights. Plaintiff asks the court for all damages

allowed by law even if they are not enumerated above.

450.     For Counts 1-11, and 16 which are the illegal violation of federal civil rights,

Plaintiff asks for a minimum of $61,913 in compensatory damages for each violation if

not more (See damages section in Memorandum for calculation). For these counts

Plaintiff also asks for Nominal damages of $100. Finally, Plaintiff asks for a minimum of

9x the actual damages in Punitive damages. The total amount of damages asked for these

counts would be $7,441,560 at a minimum.

451.     For counts 12-15 which caused Plaintiff emotional distress and injury to

reputation because of the lies and fraud of government officials, Plaintiff asks for a

minimum of $61,913 in compensatory damages for each violation if not more (See

damages section in Memorandum for calculation). For these counts Plaintiff also asks for

Nominal damages of $100. Finally, Plaintiff asks for a minimum of 9x the actual

damages in Punitive damages. The total amount of damages asked for these counts would

be $2,480,640 at a minimum.

452.     For Counts 38-48, and 52 which are the illegal violation of federal civil rights,

Plaintiff asks for a minimum of $61,913 in compensatory damages for each violation if

not more (See damages section in Memorandum for calculation). For these counts Plaintiff also asks for Nominal damages of $100. Finally, Plaintiff asks for a minimum of 9x the actual damages in Punitive damages. The total amount of damages asked for these counts would be $7,441,560 at a minimum.

453.    For counts 49-51which caused Plaintiff emotional distress and injury to reputation because of the lies and fraud of government officials, Plaintiff asks for a minimum of $61,913 in compensatory damages for each violation if not more (See damages section in Memorandum for calculation). For these counts Plaintiff also asks for Nominal damages of $100. Finally, Plaintiff asks for a minimum of 9x the actual damages in Punitive damages. The total amount of damages asked for these counts would be $1,860,390 at a minimum.

454.    Plaintiff asks for the maximum damages allowed by law for all counts, including compensatory, nominal, punitive, and any other damages allowed by law for all counts brought and any other relief Plaintiff is entitled.

455.    Plaintiff asks for declaratory relief finding the Justice of the Peace violated Federal Due Process by committing fraud and creating a false official court record.

456.    Plaintiff asks for declaratory relief finding the Justice of the Peace violated Federal Law and exceeded his authority and violated fundamental rights.

457.    Plaintiff asks for declaratory relief finding the Justice of the Peace violated Federal Law and violated Due Process.

458.    Plaintiff asks for declaratory relief finding the Grapevine City Attorney abused the legal process.

459.    Plaintiff asks for declaratory relief stating which rights were violated, and by whom for all claims.

460.    Plaintiff asks for declaratory relief stating what illegal activity was committed, and by whom for all claims.

461.    Plaintiff asks for injunctive relief asking for a court order issued against the City Attorney and Justice of the Peace not to violate due process or abuse the legal process against Plaintiff in the Future.

462.    Plaintiff asks for injunctive relief/ declaratory relief asking for a court order issued against the State of Texas not to violate due process against Plaintiff in the Future.

## VIII.    MEMORANDUM

### a.  PRO SE LITIGANT

463.    The US Supreme Court has said: "...the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice (Davis v. Wechler, 263 U.S. 22 (1923))."

464.    Another case: "Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights (NAACP v. Alabama, 375 U.S. 449)"

465.    The Fifth Circuit has ruled that briefs of pro se litigants are entitled to liberal construction (Haines v. Kerner, 404 U.S. 519, 520- 21 (1972)). Plaintiff asks the court for this consideration in this Complaint.

### b.  COMPENSATION, DAMAGES, AND INJURY

466.    "Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury (Elrod v. Burns, 427 U.S. 347 (1976))."

467.    "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury (OWEN v. CITY OF INDEPENDENCE, 445 U.S. 622 (1980))."

468.    It is the opinion of the Plaintiff that one of the best cases this court can read on Compensation and Damages for the claims brought here would be the Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1972) Case. Quoting a large portion of the case here it says:

> Compensatory damages for the deprivation of a federal right are governed by federal standards as provided in 42 U.S.C. § 1988. Sullivan v. Little Hunting Park, Inc., 1969, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386. This means "that both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes." Id. 396 U.S. at 240, 90 S.Ct. at 406, 24 L.Ed.2d at 394. Both federal and Louisiana law recognize the right to recover for items of damage that the trial court failed to allow the Baskins to recover.
>
> Emotions are intangible but they are none the less perceptible. The hurt done to feelings and to reputation by an invasion of constitutional rights is no less real and no less compensable than the cost of repairing a broken window pane or a damaged lock. Wounded psyche and soul are to be salved by damages as much as the property that can be replaced at the local hardware store.

Thus, in a number of cases, the federal courts have recognized that personal humiliation, embarrassment, and mental distress imposed as a result of the deprivation of constitutional rights are injuries whose redress in damages is considered compensatory. E.g., Garner v. Giarrusso, 5 Cir. 1978, 571 F.2d 1330, 1339; Hostrop v. Board of Junior College District No. 515, 7 Cir. 1975, 523 F.2d 569, 579-80, cert. denied, 1976, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208; Williams v. Matthews Co., 8 Cir. 1974, 499 F.2d 819, 829, cert. denied, 1974, 419 U.S. 1021, 1027, 95 S.Ct. 495, 507, 42 L.Ed.2d 294, 302; Seaton v. Sky Realty Company, 7 Cir. 1974, 491 F.2d 634, 636.

469.    It is in the public's interest to deter abuses of power from government officials.

470.    So how can we calculate damages in this situation? Well, there are a few cases we can look to for guidance.

## COMPENSATORY DAMAGES

471.    In the 5th Circuit, there was one award for $16,000 in compensatory damages alone (See: 629 F.2d 993 (5th Cir. 1980)).

472.    Taking $16,000 in 1981 and adjusting for inflation to 2023, that amount would be about $61,913.

473.    We will be using the latter number ($61,913) as our base for the amount we request for every cause of action in this case involving the violation to civil rights. This is because the latter case was also in the 5th Circuit which is binding precedent in this court.

## NOMINAL DAMAGES

474.     Plaintiff will be requesting nominal damages here for every cause of action, just in case the courts do not agree there was actual injury. Plaintiff believes there was actual injury for every cause of action. In the words of the Supreme Court of the United States:

> Common law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

> Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, see Boddie v. Connecticut, 401 U. S. 371, 401 U. S. 37 (1971); Anti-Fascist Committee v. McGrath, 341 U.S. at 171-172 (Frankfurter, J., concurring), we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury (Carey v. Piphus, 435 U.S. 247 (1978)).

**PUNITIVE DAMAGES**

475.    Punitive damages are allowed to be granted in this case because the City of Grapevine and its agents ignored requests from plaintiff to follow the law.

476.    They were aware the Plaintiff told them there were severe federal rights violations, and they instead of acting rationally were abusive and clearly malicious.

477.    Even though it was clear these individuals were malicious, that standard need not be met for recovery of punitive damages.

478.    It is enough that Plaintiff sent them emails complaining about the violation of federally protected fundamental rights and was met with reckless indifference at a minimum.

479.    There evidence is enough to show malicious intent such as illegally starting a criminal procedure against Plaintiff, for which there is not valid legal cause.

480.    Other evidence to show malicious intent is retaliation for use of fundamental rights, harassment from the City Police Department, etc.

481.    In the words of the Supreme Court of the United States:

> The common law, both in 1871 and now, allows recovery of punitive damages in tort cases not only for actual malicious intent, but also for reckless indifference to the rights of others. Neither the policies nor the purposes of § 1983 require a departure from the common law rule. Petitioner's contention that an actual intent standard is preferable to a recklessness standard because it is less vague, and would more readily serve the purpose of deterrence of future egregious conduct, is unpersuasive (Smith v. Wade, 461 U.S. 30 (1983)).

482.    It is in the public's interest to deter abuses of power from government officials and municipalities. Plaintiff asks for the highest punitive damages allow by law to help deter future egregious conduct.

### c. FUNDAMENTAL RIGHTS

483.    As stated by the Supreme Court in a majority opinion:

> The Due Process Clause guarantees more than fair process, and the "liberty" it protects includes more than the absence of physical restraint.... The Clause also provides heightened protection against government interference with certain fundamental rights and liberty interests.... In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights... (521 U.S. 702).

484.    The Supreme Court has also ruled that for substantive due process analysis and equal protection analysis, the strict scrutiny test must be used when fundamental rights are being infringed (521 U.S. 702).

### 2. FUNDAMENTAL RIGHT TO PETITION THE GOVERNMENT

485.    The Supreme Court has ruled that freedom of speech is a fundamental right (521 U.S. 702).

486.    The right to petition the government is covered under the first amendment and thus it is a fundamental right.

487.    Furthermore, the right has a long history in the US of being protected.

488.    The Texas Constitution Article 1 Section 27 also makes it clear that citizens can: "apply to those invested with powers of government for redress of grievances or other purposes, by petition, address or remonstrance."

489.    This makes it clear that emailed complaints to any government official by a

citizen is a fundamental right provided by the US and Texas Constitution.

### 3. FUNDAMENTAL RIGHT TO SUE

490.    The Supreme Court has ruled that the right to sue is a fundamental right. In its

own words:

> This Court's precedents confirm that the Petition Clause protects the right
>
> of individuals to appeal to courts and other forums established by the
>
> government for resolution of legal disputes (564 U.S. 379).

491.    It is common knowledge in the legal field that a notice to preserve evidence is

part of the legal process.

492.    Furthermore, it seems a notice to preserve evidence sent to a government official

would also be covered under free speech in general, as well as the right to petition the

government.

493.    Therefore, sending a notice to preserve evidence is a fundamental right.

### 4. FUNDAMENTAL RIGHT OF FREEDOM OF ASSOCIATION

494.    The Supreme Court has ruled that the right of freedom of association is a

fundamental right covered under the first amendment (361 U.S. 516).

495.    In the words of the Supreme Court:

> …that First Amendment rights are beyond abridgment either by legislation
>
> that directly restrains their exercise or by suppression or impairment
>
> through harassment, humiliation, or exposure by government. One of
>
> those rights, freedom of assembly, includes of course freedom of

association; and it is entitled to no less protection than any other First Amendment right… (361 U.S. 516).

496.    Plaintiff lives alone and wanted to go to the Library and Rec Center to be with like Minded People. Plaintiff was using his fundamental right of freedom of association to assemble with others in the pursuit of exercise at the Rec Center, the pursuit of study at the library, and the pursuit of business at the library.

497.    Plaintiff met other people at the library that were like minded, other engineers and computer scientists. Plaintiff has been deprived of his fundamental right to these associations.

### 5.  TEXAS FUNDAMENTAL RIGHT TO REQUEST PUBLIC RECORDS

498.    The state of Texas has granted every individual (Not just citizens of the state) a fundamental right to request public records. Reading the text of the Chapter 552 of the Texas Government Code makes clear that this is rooted in history to protect democracy.

499.    Public Records Requests seem to be already part of the First Amendment right to petition the government, and free speech, but Texas passed a law making this clear, without question.

### d.  DUE PROCESS

#### i.  PROCEDURAL DUE PROCESS

500.    The Eldridge due process balancing test is the standard to determine an answer to the question if procedural due process is required. The test requires weighing (1) The liberty interests that are at stake for an individual (2) if the process used could

erroneously deprive an individual of those rights (3) how burdensome the due process procedure would be for the government (424 U.S. 319).

## PRONG 1: RIGHTS INFRINGED

501.    Plaintiff had the following protected liberty interests in the library and recreation center: right of locomotion, right to receive information, right of free speech, freedom of association, and equal protection. Freedom of association and free speech are both fundamental rights; thus, the strict scrutiny test must be used in this case.

502.    These rights could be deprived of many individuals in the future with a criminal trespass warning according to the laws of Texas.

503.    Furthermore, the trespass warnings were issued based on public records requests, petitioning the government for redress of grievances, and serving a notice to preserve evidence. The City retaliated against Plaintiff for using three fundamental rights.

504.    The first prong weighs in favor of requiring due process for criminal trespass warnings, due to its impact on protected rights and interests.

505.    The first prong weighs in favor of requiring due process for the Texas Peace Bond, due to its impact on protected rights and interests.

## PRONG 2: PROCESS CAN DEPRIVE ERRONEOUSLY

506.    The Texas Penal Code 30.05 Trespass does not offer due process. Furthermore, Texas Penal Code 30.05 only gives the power to issue/remove a trespass warning to the individual in charge of the property. Thus, if the individual in charge of a property has a grudge, is corrupt, or makes a mistake; there is no process to correct the deprivation of rights.

507.    In this case, the criminal trespass warnings were issued to Plaintiff after Plaintiff

had complained about the person who issued one of the trespass warnings. The police

also said in their 09/28/2022 call for service that Plaintiff did nothing wrong.

508.    There was no way for plaintiff to challenge evidence or the reasons of the trespass

warnings.

509.    The Texas Trespass statute has erroneously deprived individuals of their protected

rights, offering no way to protect from the erroneous deprivation of rights.

510.    The second prong weighs in favor of requiring due process for trespass warnings.

511.    The Texas Peace Bond has erroneously deprived individuals of their protected

rights, offering no way to protect from the erroneous deprivation of rights. A single

corrupt Justice of the Peace issued an illegal order and there was no right of review by

any other judge.

### PRONG 3: BURDEN ADDED TO GOVERNMENT

512.    There is no question that more process adds burden to government over no or less

process, all other factors equal.

513.    However, a Federal Complaint with a due process claim is much more of a burden

on both the city and the Plaintiff.

514.    If the City had provided proper due process, then the burden on the government

would be much less than a Federal Complaint.

515.    The third prong also seems to indicate that due process should be required,

because that process would be less burdensome than a Federal Complaint.

### PROCESS DUE

516.    The Eldridge due process balancing test clearly indicates procedural due process should be required for any Texas Criminal Trespass Warning, and also the specific trespass warnings issued to Plaintiff. The next question is what process is due?

517.    The supreme court has ruled that at a minimum due process must consist of: 1) Notice, 2) an opportunity to be heard, and 3) an impartial tribunal (339 U.S. 306).

518.    As ruled by the supreme court: "The fundamental requisite of due process of law is the opportunity to be heard (234 U.S. 385)".

519.    When talking about the right of due process the Supreme court has also said:

> This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest (339 U.S. 306).

520.    Plaintiff made clear the Justice of the Peace lied for the Peace Bond, and there was no other judge that examined the facts. This is a violation of Due Process.

### e.  STANDARDS OF REVIEW

521.    For both substantive due process analysis and equal protection analysis, the strict scrutiny test must be used when fundamental rights are being infringed (521 U.S. 702).

522.    The foundations of the strict scrutiny standard come from the fourth footnote of a case (arguably the most famous footnote in law) which says:

> There may be narrower scope for operation of the presumption of constitutionality when legislation appears on its face to be within a specific prohibition of the Constitution, such as those of the first ten Amendments, which are deemed equally specific when held to be embraced within the Fourteenth (304 U.S. 144 Footnote 4).

523.     The supreme court continued to build on the idea from this footnote, and came up with what is now called strict scrutiny. The standard has three parts. The high court has said:

> In the face of an interest this powerful a State may not rest on threshold rationality or a presumption of constitutionality, but may prevail only on the ground of an interest sufficiently compelling to place within the realm of the reasonable a refusal to recognize the individual right asserted (521 U.S. 702).

524.     The above quote makes clear that the burden is on the Government to show there is a compelling state interest. This is the first part of the strict scrutiny review standard.

525.     The next part of the standard came from another case:

> … a compelling governmental interest does not violate the Equal Protection Clause so long as it is narrowly tailored to further that interest (539 U.S. 306).

526.     Therefore, we have the second requirement of the standard. In strict scrutiny the government action must be narrowly tailored to its compelling interest.

527.     A ruling that highlights the third part of strict scrutiny is as follows:

> The Government may, however, regulate the content of constitutionally protected speech in order to promote a compelling interest if it chooses the least restrictive means to further the articulated interest (492 U.S. 115).

528.     This shows us the third and final part of the standard. The government must use the least restrictive means to accomplish its goals.

**f. QUALIFIED IMMUNITY**

529.    As stated by the Supreme Court:

> The recognition of a qualified immunity defense for high executives
> reflects an attempt to balance competing values: not only the importance
> of a damages remedy to protect the rights of citizens, but also the need to
> protect officials who are required to exercise discretion and the related
> public interest in encouraging the vigorous exercise of official authority
> (457 U.S. 800).

530.    For defendants to raise qualified immunity two things must be true: 1) The
defendant must be acting in their official capacity. 2) The defendant must be exercising a
discretionary duty. Clearly if either one of these is not met, then qualified immunity does
not apply (457 U.S. 800).

531.    Once it is determined qualified immunity can be raised, qualified immunity can
be overcome with a two-prong test developed by the courts. In the first prong a court
must look at if a constitutional right has been violated. The second prong has the court
look at if the constitutional right violated was clearly established at the time of the
conduct (533 U.S. 194).

**g. PUBLIC FORUMS**

532.    There are several different types of public forums. The "traditional public forum"
includes places like parks. Both the library property and the Rec Center property contain
public streets. There is a large field outside the Rec Center which is clearly a public
forum. These streets are public forums and thus the trespass warnings and Peace Bond
deprive Plaintiff of access to public forums.

533.     Any regulation of speech in a traditional public forum must be reviewed with strict scrutiny (460 U.S. 37).

534.     The Library and Grapevine Convention center may fall under a limited public forum.

535.     A convention center is a large building designed for individuals to gather, talk/interact, and is open to the public. If this is considered a limited public forum, then clearly talking to someone in the parking lot is within the designated purpose. People meet at the Grapevine convention center and talk in the public parking lot every day.

536.     It would seem a city council meeting that is open to the public would fall under a designated public forum during the time which the floor is open to the public. The peace bond violates the federally protected rights the Plaintiff. The peace bond makes it illegal for Plaintiff to attend the public portion of the city council hearing. As stated by the supreme court:

> A second category consists of public property which the state has opened for use by the public as a place for expressive activity. The Constitution forbids a state to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place (460 U.S. 37).

**h.  USE OF CONSTITUTIONAL RIGHTS CANNOT BE PUNISHED**

537.     "It has long been established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution. (Harman v. Forssenius, 380 U.S. 528 (1965))"

538.     "...there be no sanction or penalty imposed upon one because of his exercise of constitutional rights (Sherar v. Cullen, 481 F. 2d 946 (1973))"

539.     "The claim and exercise of a Constitution right cannot be converted into a crime
… a denial of them would be a denial of due process of law (Simmons v. United States,
390 U.S. 377 (1968))".

### i.   EMOTIONAL DISTRESS

540.     There are several circuit courts that have the standard that direct testimony from
the plaintiff is sufficient for claims of emotional distress. They also have ruled that claims
of emotional distress can be inferred from the circumstances. These cases are not binding
in this circuit but should be persuasive (See: 510 F.2d 583 (2d Cir. 1975), 491 F.2d 634
(7th Cir. 1974), 606 F.2d 1192 (D.C. Cir. 1979)).

541.     As can be seen in each cause of the action, the Plaintiff makes the claim that he
was harmed with emotional distress from the actions of the defendants; and this alone
should be sufficient.

542.     Also, you can see from the circumstances that Plaintiff took actions that show he
was under emotional distress such and breaking his apartment lease and moving out of
the city and county to get away from the abusive city officials.

### j.   FALSE IMPRISONMENT

543.     A case from Texas should be persuasive in this circuit, and has ruled:

> False imprisonment consists of imposing by force or threats an unlawful
> restraint upon a man's freedom of locomotion. Prima facie any restraint
> put by fear or force upon the actions of another is unlawful and constitutes
> a false imprisonment, unless a showing of justification makes it a true or
> legal imprisonment. The wrong may be committed by words alone or by
> acts alone, or by both, and by merely operating on the will of the
> individual by personal violence, or by both. All that is necessary to

> constitute false imprisonment is that the individual be restrained of his
> liberty without any sufficient legal cause therefor, and by words or acts
> which he fears to disregard. Any arrest or detention of a person is
> presumed to be unlawful and the burden is upon the defendant to show
> that it was lawful. (Cooley on Torts (3d ed.), 296-8.) (54 Tex. Civ. App.
> 269 (Tex. Civ. App. 1909)),

544.    Thus we see that the Library Trespass Warning interfered with Plaintiffs right of locomotion, the Rec Center Trespass Warning interfered with Plaintiffs right of locomotion, and the Peace Bond also did interfere with Plaintiffs right of locomotion.

### k.  FEDERAL CIVIL CONSPIRACY

545.    To make claims under 42 USC 1985 there must be a claim of discrimination of a protected class. So is there a claim of discrimination of a protected class? The answer is yes. As seen in the following case from the Supreme Court of the United States:

> Retaliation is, by definition, an intentional act. It is a form of
> "discrimination" because the complainant is subjected to differential
> treatment. Moreover, it is discrimination "on the basis of sex" because it is
> an intentional response to the nature of the complaint: an allegation of sex
> discrimination (Jackson v. Birmingham Bd. of Ed., 544 U.S. 167 (2005)).

546.    In this document Plaintiff makes clear and shows proof that there was a complaint for discrimination against sex (a protected class).

547.    In response to this complaint of discrimination against a protected class the city of grapevine took illegal action in retaliation by multiple people.

548.    This means that Plaintiff can bring a federal conspiracy claim against all those involved.

## I. ABSOLUTE IMMUNITY

549. First we see that the Justice of the Peace went outside the limits of his authority, and committed lawless violence.

> No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence. (Ableman v. Booth, 21 Howard 506 (1859)).

550. Another case:

> However, since Ex parte Young, 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.
>
> Ex parte Young teaches that, when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is, in that case, stripped of his official or representative character, and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." (Cooper v. O'Connor, 99 F.2d 143, 69 App. D.C. 108 (D.C. Cir. 1938))

551. And we know that the Judge has to by law honor the constitution:

Under the Supremacy Clause, state courts have a concurrent duty to
enforce federal law according to their regular modes of procedure. See,
e.g., Claflin v. Houseman, 93 U. S. 130, 93 U. S. 136-137. Such a court
may not deny a federal right, when the parties and controversy are
properly before it, in the absence of a "valid excuse." Douglas v. New
York, N.H. & H.R. Co., 279 U. S. 377, 279 U. S. 387-389.

An excuse that is inconsistent with or violates federal law is not a valid
excuse: the Supremacy Clause forbids state courts to dissociate themselves
from federal law because of disagreement with its content or a refusal to
recognize the superior authority of its source. (Howlett v. Rose, 496 U.S.
356 (1990))

### m. ANALYSIS OF CLAIMS

#### 1. Procedural Due Process Violation for Library Trespass Warning

552.    It is clear from the Eldridge due process test, that due process should have been
provided to Plaintiff for the Library Criminal Trespass Warning. This is explained above.
Providing procedural due process when it is required is mandatory, and not a
discretionary duty of Government officials. Therefore, no government employee can
claim qualified immunity for failure to provide required due process.

553.    Now who is liable for failure to provide due process? It should be everyone who
failed to provide due process or anyone who could have reversed the government action
which deprived the Plaintiff of his protected rights, which made the due process required.

554.     The officer who served the criminal trespass warning is both officially and individually liable for not giving notice and an opportunity to be heard, since it is mandatory.

555.     The library director, chief of police, assistant city manager, and city manager could have removed the trespass warning, to restore the protected rights of the Plaintiff when they realized due process was not going to be provided as it should have been. Plaintiff also requested due process or removal of the trespass warnings from each of these people. Due process is mandatory and thus they cannot claim qualified immunity. These actors are liable in both official and individual capacity.

556.     Finally, the Mayor and City Council were aware of the situation and had a mandatory duty to provide Plaintiff with due process. They had months to pass a new city ordnance or any other way to provide due process and failed to do so. They are all liable in both official and individual capacity.

## 2. Procedural Due Process Violation for Rec Center Trespass Warning

557.     It is clear from the Eldridge due process test, that due process should have been provided to Plaintiff for the Rec Center Criminal Trespass Warning. This is explained above. Providing procedural due process when it is required is mandatory, and not a discretionary duty of Government officials. Therefore, no government employee can claim qualified immunity for failure to provide required due process.

558.     Now who is liable for failure to provide due process? It should be everyone who failed to provide due process or anyone who could have reversed the government action which deprived the Plaintiff of his protected rights, which made the due process required.

559.    The officer who served the criminal trespass warning is both officially and individually liable for not giving notice and an opportunity to be heard, since it is mandatory.

560.    The parks/rec director, chief of police, assistant city manager, and city manager could have removed the trespass warning, to restore the protected rights of the Plaintiff when they realized due process was not going to be provided as it should have been. Plaintiff also requested due process or removal of the trespass warnings from each of these people. Due process is mandatory and thus they cannot claim qualified immunity. These actors are liable in both official and individual capacity.

561.    Finally, the Mayor and City Council were aware of the situation and had a mandatory duty to provide Plaintiff with due process. They had months to pass a new city ordnance or any other way to provide due process and failed to do so. They are all liable in both official and individual capacity.

### 3. Substantive Due Process Violation for Library Trespass Warning

562.    The Library Director has sworn under oath that Plaintiffs public record requests and emailed complaints were the basis for the criminal trespass warning. Because this is retaliation against fundamental rights, and the criminal trespass warning violates at least one fundamental right as well as other protected rights; the strict scrutiny standard of review should be used here.

563.    Now the Assistant City Manager and City Attorney have a different story, about why the criminal trespass warnings were issued. They claim it was because I tried to talk to an employee in the Grapevine Convention Center parking lot. Thus, this would be

freedom of speech in a public forum. So even though the event they claim did not happen, if it did happen it must be protected with the strict scrutiny standard of review.

564.     No matter if we use the library directors claim that it was public record requests or the city attorneys claim that I tried to talk to an employee in a public forum, the government bears the burden of showing a compelling state interest.

565.     We see here there is no compelling state interest. The city will claim they are trying to protect employees. But from what are they protecting employees? From free speech they find offensive? This is not a compelling state interest. Thus they have failed the strict scrutiny test.

566.     Even if the rational basis standard is used here, a trespass warning for public records requests and emailed complaints or talking to someone in a public forum is arbitrary and capricious.

567.     Thus, the city and the library Director are liable for the substantive due process violation. The library director was using her official power, and the library Director exercised a discretionary duty to issue a trespass warning; thus, she is entitled to raise qualified immunity.

568.     However, the library trespass warning violated Plaintiffs fundamental right of free speech, right of locomotion, fundamental right of freedom of association, and equal protection with no valid reason. These rights were all established at the time the library director issued the trespass warning. Thus, the library director is liable in both her official and individual capacity.

### 4.  Substantive Due Process Violation for Rec Center Trespass Warning

569.     The Assistant City Manager has said that it is city policy to issue criminal trespass warnings for both the library and Rec Center when it is requested for either one. However, there is a problem. Since the library trespass warning was requested in retaliation for Plaintiff using fundamental rights, this makes the Rec Center trespass warning also retaliation against fundamental rights. Furthermore, the Rec Center trespass warning deprives Plaintiff of at least one fundamental right; so, the courts should use the strict scrutiny standard of review.

570.     To dive into the strict scrutiny test, we see first there is no compelling state interest which the Rec Center trespass warning furthers. The city will claim its to protect library employees, but the Rec center is not the library. Also as described above this claim is invalid.

571.     Next, we see that even if the city did have merits to claim a compelling state interest to protect library employees, the Rec Center trespass warning is not narrowly tailored to that goal, nor is it the least restrictive option. Thus the Rec Center trespass warning fails the second and third parts of the test.

572.     Even if the rational basis standard is used here, a trespass warning issued for the Rec Center when it's requested by the library is arbitrary and capricious. Also, it can be shown this policy is not followed most of the time, thus adding further evidence that the Rec Center criminal trespass warning is arbitrary and capricious.

573.     Thus, the city and the Parks/Rec Director are liable for the substantive due process violation. The Parks/Rec director was using his official power, and the Parks/Rec Director exercised a discretionary duty to issue a trespass warning; thus, he is entitled to raise qualified immunity.

574.     However, the Rec Center trespass warning violated Plaintiffs fundamental right of free speech, right of locomotion, fundamental right of freedom of association, and equal protection with no valid reason. These rights were all established at the time the Parks/Rec director issued the trespass warning. Thus, the Parks/Rec director is liable in both his official and individual capacity.

### 5.   Equal Protection Violation for Library Trespass Warning

575.     As class-of-one claim for equal protection Plaintiff: 1. was treated differently than other people who issued public records requests. See others who submitted public records requests. 2. The difference in treatment was intentional, its clear that a trespass warning issued is not unintentional. 3. The difference in treatment is not related to a legitimate government purpose. The library director has said that based on the public records requests from Plaintiff the trespass warning was issued. It was issued nearly 50 days after the last time Plaintiff was at the library and thus there is no legitimate reason.

### 6.   Equal Protection Violation for Rec Center Trespass Warning

576.     As class-of-one claim for equal protection Plaintiff: 1. was treated differently than other people who issued public records requests. See others who submitted public records requests. 2. The difference in treatment was intentional, it's clear that a trespass warning issued is not unintentional. 3. The difference in treatment is not related to a legitimate government purpose. The Parks and Rec Director issued a trespass warning for the public Park/Rec Center because the library issued one? This is not a legitimate government purpose.

### 7.   Retaliation Claims

577.     In the words of the Supreme Court (Nieves v. Bartlett, 587 U.S. ___ (2019)):

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. Hartman v. Moore, 547 U. S. 250, 256 (2006). If an official takes adverse action against someone based on that forbidden motive, and "non-retaliatory grounds are in fact insufficient to provoke the adverse consequences," the injured person may generally seek relief by bringing a First Amendment claim. Ibid. (citing Crawford-El v. Britton, 523 U. S. 574, 593 (1998); Mt. Healthy City Bd. of Ed. v. Doyle, 429 U. S. 274, 283–284 (1977)).

578.    If you read the court documents filed by the City Attorney and the Library director, you will see they admit that the public records requests, emailed complaints, and notice to preserve evidence were the cause of the trespass warnings as well as the peace bond application.

579.    This means the defendants illegally retaliated against Plaintiffs fundamental federal civil rights as described in the cause of actions.

### 8. Defamation Claims

580.    Defamation claims against the City Attorney, Assistant City manager, and Assistant Library Director meet the elements for the cause of action.

581.    The cause of action for defamation are: 1) a false statement purporting to be fact; 2) publication or communication of that statement to a third person; 3) fault amounting to at least negligence; and 4) damages, or some harm caused to the reputation of the person or entity who is the subject of the statement.

582.    For the first point: The individuals made false statements about Plaintiff calling plaintiff dangerous. Creating false stories about Plaintiff.

583.    For the second point: The communication was emailed, written down, and spread.

584.    For the third point, Plaintiff told these individuals to stop and that they were committing defamation and they failed to stop.

585.    For the fourth point: Harm was caused to the reputation of Plaintiff, including contributing to individuals believing Plaintiff was a danger. If got to the point that even people Plaintiff had never seen nor met someone claimed, they believed Plaintiff was a threat to their life.

586.    The above are reasons why defamation is illegal, it can cause needless harm to an individual.

### 9. Fraud Claims

587.    According to black's law dictionary, fraud is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed.

## I.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or,

if specifically so identified, will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery; and (4) the complaint otherwise complies

with the requirements of Rule 11.

**Pro Se Litigant Certification:**

Date:                          09/07/2023

Signature:              *Jacob White*

Print Name:              Jacob White

Address:                  6303 Frisco Square Blvd #475

City, State, Zip:        Frisco, TX 75034

Telephone:              (501) 891-3346

Email:                      Jacob.f.white@outlook.com

4-23CV-925-P

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jacob White | State Of Texas, et. al. |

SEP 7 2023 AM10:42
RECEIVED-USDC-NDTX-FW

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983, §1985, §1988 for violation of the first, fifth, eighth, and fourteenth amendments

Brief description of cause:
Illegal violation of many fundamental civil rights under color of State Law.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ >$19,243,950

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
09/06/2023

SIGNATURE OF ATTORNEY OF RECORD
*Jacob White*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____