UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JACOB WHITE,**

  Plaintiff,

v.                                                            No. 4:23-cv-0925-P

**THE STATE OF TEXAS, ET AL.,**

  Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On September 28, 2023, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 42. The FCR recommends that the Court grant Defendant Brandt's Motion to Dismiss (ECF No. 13) and dismiss Plaintiff Jacob White's claims against Brandt. *See* ECF No. 42 at 4–9. White objected to the FCR on October 2 (ECF No. 43), so the Court reviewed the FCR *de novo*. For the reasons below, the Court **ADOPTS IN PART** the reasoning in the FCR (ECF No. 42) and **OVERRULES** White's Objection (ECF No. 43). Accordingly, White's claims against Defendant Brandt are hereby **DISMISSED with prejudice**.

## BACKGROUND

Jacob White sued Texas and half of Tarrant County on September 7, 2023. Having reviewed the Complaint, the Court agrees with the FCR's euphemistic observation that "[t]he facts before the Court, as provided by White, paint an incomplete and somewhat confusing picture." ECF No. 42 at 2. From what the Court can decipher, White had a series of run-ins with public employees at a library/rec center in Grapevine. Concerned from reports about White's behavior, Grapevine sought, and after a hearing obtained, a peace bond against White. White cries foul, suggesting a host of individuals (including Defendant Brandt, the

presiding justice of the peace at the bond hearing) used chicanery to obtain the bond in violation of White's civil liberties and other laws.

On September 18, Brandt moved to dismiss White's claims against him under Federal Rules 12(b)(1) and 12(b)(6). Brandt says White fails to state legally cognizable claims and lacks standing to assert them. The FCR agreed and as explained below, so does the Court.

## LEGAL STANDARD & ANALYSIS

At the outset, the Court notes the sole area where it does not adopt the FCR's reasoning relates to the articulation of legal standards. The FCR's "legal standards" section sets forth the legal framework for ruling on Rule 12(b)(6) motions. *See* ECF No. 42 at 3–4. But the FCR correctly analyzed Brandt's standing arguments first. *See id.* (noting the Court must address standing "before it can exercise subject matter jurisdiction") (citing *Arbraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022)). Thus, the legal standard which guides the Court's analysis comes not from the familiar *Iqbal/Twombly* line of cases, but from relevant Rule 12(b)(1) precedent. *See Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.").

While a review of the pleadings suggests the Court could also dismiss White's claims against Brandt under Rule 12(b)(6), the Court is duty-bound to address standing first. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). But the 12(b)(6) cases in the FCR are still relevant to the extent they establish the "plausibility" standard (which applies equally to 12(b)(1) motions). *See Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (noting "the burden [here, for White] is to allege a plausible set of facts establishing jurisdiction"). Having reviewed the FCR *de novo* and examined White's pleadings with an assumption of their veracity, the Court finds no set of facts that could establish subject matter jurisdiction over White's claims against Brandt.

White sues Brandt, a public official, for an array of claims including "abuse of process under § 1983," "common law fraud/defamation under § 1983," "14th Amendment[] due process violation[s] under § 1983," and "false imprisonment under state law," among other less-decipherable allegations. *See* ECF Nos. 1 at 45–56; 42 at 1–2. These all relate to Brandt's judicial function as the presiding justice of the peace at White's peace bond hearing—a hearing White says was unconstitutional. *See id.* The Court endorses the FCR's detailed explanation as to why White fails to establish the required elements for standing vis-à-vis his claims against Brandt. *See* ECF No. 42 at 4–7; *see generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–66 (1992) (noting standing is established where plaintiff suffered an "injury in fact" that was "fairly traceable" to defendant and is "likely [to] be redressed by a favorable decision"). The Court now turns to White's objections.

## ANALYSIS OF OBJECTIONS

White has two broad issues with the FCR. *First*, he disagrees with the narrative of events in the FCR's "findings of fact." *See* ECF No. 43 at 2. *Second*, he disagrees with the FCR's legal conclusion that he lacks standing. *Id.* at 3–4. For the reasons below, the Court **OVERRULES** both objections.

### A. White's first objection is wrong on the facts.

White first contends there are "major errors in the proposed findings of fact." *Id.* at 2. These alleged errors center on the FCR's factual findings regarding White's alleged coercion-based claims. *See* ECF No. 42 at 6. In relevant part, White quotes from the FCR where it states:

> However, a careful review of White's allegations, even taken as true, indicate that, in fact, Judge Brandt did not lie on the peace bond. White alleges that he was coerced into agreeing to the peace bond because the city attorney communicated to him and his attorney that if White did not agree to the peace bond that Grapevine would consider pursuing criminal charges against him.

ECF No. 43 at 2 (quoting ECF No. 42 at 6). White says this is wrong because he "never said he agreed to the peace bond." *Id.* "In fact, Plaintiff can find nothing in the record where he made such a claim. Plaintiff said he felt coerced, but a feeling is not an agreement." *Id.*

3

White thus argues the FCR is materially incorrect in its recitation of relevant facts. The Court disagrees.

The Court agrees with the FCR that a fair inference of the Complaint's emphasis on "coercion" meant coercion into the peace bond. *See* ECF No. 1 at 45. Further, despite White's protest that he "never said he agreed to the peace bond," *see* ECF No. 43 at 2, his Petition for Writ of Habeas Corpus (filed despite White not being incarcerated) specifically states: "Petitioner felt coercion from the Justice of the Peace and the City of Grapevine to agree to terms that illegally violate Petitioner's federal and state civil rights." ECF No. 31 at 13. White's pleadings speak for themselves and verify the FCR's interpretation. But even if White was right, general feelings of coercion aren't legally actionable—there must be coercion into some affirmative action or omission for White to have a claim. *See U.S. v. Kozminski*, 487 U.S. 931, 954–55 (1988). In this regard, White's objection is self-defeating: even if the Court agreed with White, a sustained objection would be a Pyrrhic victory at best. Here, to the extent White sues Brandt because he "felt coerced" during the hearing but didn't act upon the feeling, his claim fails under Rule 12(b)(6); to the extent he sues Brandt because he was coerced into the peace bond agreement, his claim fails under Rule 12(b)(1). In either event, the FCR got it right.

While the Court sympathizes with White's feelings of "duress" in the peace bond hearing, it wasn't illegal for the city's attorney to attempt to persuade him into taking the deal. In this regard, its worth noting White never identifies evidence suggesting the city attorney lied when he referenced contemplated criminal charges. Contested hearings can be a daunting experience for those whose rights are on the line, but the adversarial nature of a state-court proceeding doesn't mean the proceeding was "coercive." More foundationally, however, the FCR makes clear that White lacks standing to challenge Brandt's decisions as a state judicial official. *See* ECF No. 42 at 7 (collecting cases).

White misconstrues the FCR's factual findings, and his objection is **OVERRULED**.

4

### B. White's second objection is wrong on the law.

Next White objects to the FCR's legal conclusions on standing. *See* ECF No. 43 at 3–4 ("Plaintiff Clearly Has Standing—Part 1"), 4–6 ("Plaintiff Clearly Has Standing—Part 2"). First White argues he has sufficiently pleaded a cognizable "injury in fact." *Id.* at 3. Next he argues "the Justice of the Peace did not have authority to issue such an order violating Plaintiff's fundamental rights in ways not authorized by state law, which is an abuse of the legal process [and] a violation of freedom of speech." *Id.* at 4. With discussions of "fundamental rights" and numerous constitutional provisions, White's pleadings evince a unique amalgam of avant-garde positions in jurisprudence and public policy. Fortunately, the Court need not delve into the particulars of White's positions because his arguments are predicated on the untenable position that he has standing to sue in federal court for unfavorable outcomes in a state court proceeding. The law is clear he does not, and the Court fully incorporates the numerous cases establishing that proposition from both Brandt's Motion to Dismiss and the Magistrate Judge's FCR. *See* ECF Nos. 13 at 11–17; 42 at 4–7.

White is wrong on the law, and his objection is **OVERRULED**.

### CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR (ECF No. 42) and the relevant pleadings and evidence of record, the Court **ADOPTS IN PART** the FCR's reasoning, **OVERRULES** White's objections, and **DISMISSES** White's claims against Brandt **WITH PREJUDICE**.

**SO ORDERED** on this **10th day** of **October 2023**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5